■ EDWARD M. DUNNING et al., Appellants, v SHELL OIL COMPANY et al., Respondents, and OWENS-CORNING FIBERGLASS CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents. E. W. MILSTREY AND SON, INC., Third-Party Defendant-Respondent. — Appeal from an order of the Supreme Court at Special Term (Harvey, J.), entered August 27, 1980 in Schenectady County, which granted the third-party defendant's motion to enforce a stipulation of settlement as a judgment. During the pendency of an action commenced by plaintiffs to recover money damages occasioned by a fire loss of property allegedly caused by the negligence of the defendants and third-party defendant, the matter was ostensibly concluded pursuant to the terms of a stipulation of settlement entered into among all of the attorneys for the respective parties. The stipulation was spread upon the record by the Justice presiding at the November, 1978 Trial Term for the Supreme Court, Schenectady County. The settlement provided that the defendants and third-party defendant would pay proportionate amounts of an agreed upon sum of $60,000 to plaintiffs in exchange for general releases and stipulations of discontinuance. The agreement also provided that the $60,000 would be divided so as to pay the sum of $16,955.14 to Evelyn Dunning and the estate of Edward Dunning, and the balance of $43,044.86 to the Firemen's Fund Insurance Company, the Dunnings' fire loss insurer. Thereafter, the third-party defendant, after being informed by the attorney for plaintiffs that a disagreement existed between the plaintiffs as to the division of the gross settlement, moved at Special Term to enforce the stipulation of settlement as a judgment pursuant to CPLR 2104 and 3215 (subd [h]). The order granting the motion directed the various defendants and the third-party defendant to pay the sum of $60,000 to the Clerk of the County of Schenectady in the proportions set forth in the stipulation, and that upon such payment the liability of the paying parties would be discharged. On this appeal, the attorney who represented plaintiff Evelyn Dunning and the Firemen's Fund at the time the settlement was reached argues that Special Term erred in not directing that the clerk, upon receipt of the money, pay out the sum in accordance with the stipulation, i.e., $16,955.14 to Evelyn Dunning and the estate of Edward Dunning and $43,044.86 to the Firemen's Fund, or, alternatively, in not declaring the stipulation a nullity and returning the case to the Trial Calendar. The attorney for the estate of Edward Dunning, retained subsequent to the date of the stipulation for the purpose of representing the estate in allocating the gross settlement, contends that in the absence of a court-ordered substitution of a proper party for the deceased Edward Dunning (CPLR 1015, subd [a]), the court was divested of jurisdiction until such substitution was made *(Moore v Washington,* 34 AD2d 903, 904). This issue of party representation is further

attenuated by the averments of Mr. Cohen, whom the stipulation identifies as the estate representative, to the effect that he consented to the distribution of the gross settlement among the plaintiffs only because the attorney for Evelyn Dunning and the Firemen's Fund implied that he was in possession of a subrogation receipt running from the Dunnings to the insurer. Since all of the parties hereto agree that the $60,000 settlement of all claims is fair and just, and, further, since there are contradicting allegations and inferences with respect to the existence of a contract of insurance with a subrogation agreement therein entitling the insurer to a *pro tanto* right of subrogation, or of a subrogation receipt executed by the Dunnings in favor of the insurer, the matter must be remanded for a hearing to resolve these issues together with that of the proper representative of the estate of Edward Dunning. Order modified, on the law and the facts, by adding thereto a provision restoring the matter to the Trial Calendar of the Supreme Court, Schenectady County, for hearing and determination of the rights of the plaintiffs with respect to the settlement proceeds, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane and Weiss, JJ., concur.

Sweeney and Casey, JJ., dissent and vote to modify in the following memorandum by Casey, J. Casey, J. (dissenting). We respectfully dissent. The majority has concluded that the stipulation of settlement, which is the subject of this appeal, should be summarily enforced as a judgment only insofar as it requires the defendants and third-party defendant to pay to the plaintiffs the total sum of $60,000, but that the amount of that sum to which each plaintiff is entitled should be determined in a hearing. This determination defies the clear and unequivocal terms of the stipulation, which provide not only that "[t]his is a settlement in open court and may be enforced as a judgment pursuant to Section 2104 and 3215, subdivision (h) paragraph (1) of the CPLR and Rule 861.19 of the Third Department Special Rules" but also that "[t]he attorneys representing the estate and the insurance company [plaintiffs' fire insurance carrier] have agreed that the $60,000.00 will be divided between their respective clients as follows: $16,955.14 to Evelyn M. Dunning and the Estate of Edward M. Dunning, and the balance of $43,044.86 to Firemen's Fund Insurance Company". Since the stipulation provides the exact dollar and cent amount that each plaintiff is to receive of the $60,000 and all the parties have expressly agreed thereto, these amounts cannot now run the risk of being changed by a hearing. Contrary to the majority's statement that all the parties now agree that $60,000 is satisfactory as a settlement figure, the attorney for the insurer vigorously and, in our opinion, correctly urges that the $60,000 is acceptable only on condition that the carrier receive $43,044.86, and that argument accords with the express terms of the settlement. The only objections to enforcement of the stipulation in its entirety come from the plaintiffs, the Dunnings. They claim that their agreed share of $16,955.14 should be increased after a hearing because (1) the settlement was not authorized by a court-ordered substitution of a proper party for the decedent Edward M. Dunning, and (2) because of the failure of the attorney for the insurer to have a subrogation receipt in his possession signed by the decedent despite his implied representation to the contrary. Both of these arguments lack merit. In regard to the first, the stipulation of settlement states that "[t]he plaintiff Edward M. Dunning is deceased and Mr. Cohn represents his estate and is authorized here to speak for the estate". Since Mr. Cohn does in fact represent the estate, and was present and agreed to the stipulation of settlement, the settlement cannot now be vitiated by the Dunnings for the lack of a formal order of substitution, a ministerial act at most. Secondly, the Dunnings have no claim to the full $60,000 for the failure of the attorney for the fire insurance carrier to have had a subrogation receipt signed by the decedent. Subrogation

is equitable in nature (57 NY Jur, Subrogation, § 28, p 77) and depends on the amount paid by the insurer, not on its attorney's possession of a receipt. The plaintiff widow does not contend that she and her husband never received any payment from the insurer, only that the attorney for that company has no receipt. Significantly, the stipulation contains no condition covering the existence of a subrogation receipt. All the parties having expressly agreed thereto, the stipulation should be summarily enforced according to its terms and in full (CPLR 2104, 3215, subd [h]; *Teitelbaum Holdings v Gold,* 48 NY2d 51), and the order appealed from should be modified to so provide.