■ 288/98 WEST END TENANTS CORP., Respondent, v GLORIA R. MOSESSON, Appellant.—Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered on or about January 22, 1988, which denied defendant-appellant's motion to enforce the stipulation of settlement entered December 24, 1986, unanimously reversed, on the law, and the matter remanded for a hearing, without costs.

Supreme Court erred by not holding a fact-finding hearing to resolve the issues raised by appellant's CPLR 2104 motion for an order enforcing the provisions of a stipulation of settlement entered December 24, 1986. Pursuant to the stipulation, plaintiff-respondent undertook to make certain repairs and improvements to appellant's apartment "in an expeditious fashion". However, in her affidavit in support of the motion, appellant maintained that respondent had not met its obligations under the terms and conditions of the stipulation, and she made specific allegations as to work which had been improperly done or not done at all. In opposition to the motion, respondent claimed that it had complied "in good faith" and had "substantially performed" its obligations, and it denied most, but not all, of appellant's allegations. The record, therefore, does not support the court's conclusion that respondent had apparently performed "all work agreed upon in the Stipulation of Settlement." Given the conflicting claims

in the affidavits and the absence of supporting documents or other evidence to resolve the issues raised by the motion, a hearing should have been held *(Dunning v Shell Oil Co.,* 83 AD2d 676 [3d Dept 1981]; *Ragen v City of New York,* 45 AD2d 1046 [2d Dept 1974]; *Kirkeby-Natus Corp. v Gevinson,* 33 AD2d 883 [4th Dept 1969]). Concur—Carro, J. P., Asch, Milonas and Rosenberger, JJ.