■ GLORIA R. MOSESSON, Appellant, v 288/98 WEST END TENANTS CORP. et al., Respondents. [707 NYS2d 431] —Judgment, Supreme Court, New York County (Lorraine Miller, J.), entered October 8, 1999, dismissing the complaint, which brings up for review two prior orders, same court and Justice, one entered on or about March 24, 1999, which denied plaintiff's motion to compel further disclosure, and the other entered on September 28, 1999, which denied plaintiff's motion to restore the action to the trial calendar, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the judgment vacated, plaintiff's motion to restore the action to the trial calendar granted and the complaint reinstated, all on condition that plaintiff pay all past due maintenance charges and pay current and future maintenance charges as they become due and, further, that she proceed to trial within 30 days after the date of this order or on such other date as Supreme Court shall direct and, failing to meet such conditions, the judgment affirmed, with costs. Appeal from the order of March 24, 1999 unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

This controversy, which dates back to 1984 (*see, 288/98 W. End Tenants Corp. v Mosesson*, 144 AD2d 305), is notable both for its duration and for plaintiff's dilatory conduct (*see*, 260 AD2d 246). Having failed to complete discovery by the April 20, 1998 pretrial conference, she was granted an additional six weeks prior to the scheduled June 2, 1998 trial date. Plaintiff received further time as a result of Supreme Court's adjournment of the trial to September 28, 1998, at which time the action was marked off the calendar at plaintiff's request because she was unprepared to proceed. Under these circumstances, we perceive no basis to excuse plaintiff's failure to complete disclosure within the time that the case remained on the trial calendar (*cf., Kihl v Pfeffer*, 94 NY2d 118, 123).

However, Supreme Court erred in denying plaintiff's motion to restore the action to the calendar and in entering judgment dismissing the action. The motion to restore the matter was

made within one year of its being marked off calendar, and the presumption of abandonment is therefore inapplicable (CPLR 3404). Indeed, defendants acknowledge that settlement negotiations were actively pursued during the period before the motion to restore was submitted. Nor should the motion court have required an affidavit of merit in support of the application, having itself acknowledged the merits of the action at the April 20, 1998 pretrial conference. Concur—Mazzarelli, J. P., Ellerin, Lerner, Rubin and Andrias, JJ.