■ BLAKE SERVICE CENTER, Appellant, v J. C. R. REALTY CORP., Respondent.—In an action, *inter alia,* to declare the rights of the parties with respect to a certain lease agreement, the plaintiff appeals from an order of the Supreme Court, Suffolk County, dated February 23, 1977, which (1) upon treating the defendant's motion for summary judgment as one to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (subd [a], par 7), granted the motion and (2) denied its cross motion for summary judgment. Order modified, on the law, by deleting so much thereof as granted the defendant's motion and substituting therefor a provision denying the said motion. As so modified, order affirmed, with $50 costs and disbursements to the plaintiff. The defendant's time to serve an answer is extended until 20 days after entry of the order to be made hereon. The plaintiff-appellant, a commercial tenant, failed to send written notice of its intent to renew the lease until 15 days after the time prescribed within the lease. The landlord refused to honor the notice. The tenant attributes the inadvertent delay to its mistaken belief that the period within which such notice was to be given had not yet expired. Although the tenant does not possess any rights at law, it may well be entitled to equitable relief. In *J. N. A. Realty Corp. v Cross Bay Chelsea* (42 NY2d 392, 397–398), the Court of Appeals held that a commercial tenant's failure to send written notice of renewal within the time prescribed by the lease does not preclude the court's granting of equitable relief to the tenant, provided that: (1) the tenant has in good faith made valuable improvements of a substantial character and would sustain a substantial loss if the lease were not renewed; and (2) the landlord is not prejudiced by the tenant's delay in the

giving of notice. The tenant's complaint contains allegations of the necessary elements to withstand a motion to dismiss. Margett, J. P., Damiani, Shapiro and Titone, JJ., concur.