■ JOSEPH STARGIOTTI, Appellant, v FRANCES NIGRELLO, Respondent.—In an action for specific performance of a contract for the sale of real property, plaintiff appeals from an order of the Supreme Court, Westchester County (Benson, J.), dated November 30, 1984, which, upon reargument, granted defendant's motion for summary judgment.

Order reversed, with costs, and defendant's motions for reargument and summary judgment denied.

Plaintiff contracted in September 1982 to purchase a parcel of unimproved property from defendant, conditioned on securing certain approvals from municipal authorities by December 15, 1982 and a building permit. Plaintiff was unable to obtain a building permit because of a problem as to legal access, which he was still endeavoring to solve in the spring of 1984 when defendant canceled the contract and returned his down payment. Plaintiff thereupon sued for specific performance.

Defendant was not entitled to summary judgment dismissing the complaint. Having waived performance within the time originally fixed therefor and acquiesced in the subsequent delay, even aiding in plaintiff's effort to establish suitable legal access to the property, defendant could not suddenly turn around and rescind the contract which plaintiff was still trying to perform (allegedly with some success). Rather, it was necessary that defendant first make time of the essence of the contract and notify plaintiff that she would rescind if plaintiff did not perform within a reasonable specified time. This notice was never given *(see, Taylor v Goelet,* 208 NY 253; *Lawson v Hogan,* 93 NY 39; *Schneider v Rola Constr. Co.,* 16 Misc 2d 556; *Perna v Desai,* 101 AD2d 857, *affd* 63 NY2d 898). There appear to be additional issues of fact which, however, can only be resolved at trial. Mangano, J. P., Bracken, Weinstein, Lawrence and Kooper, JJ., concur.