■ REGIONAL GRAVEL PRODUCTS, INC., Respondent, v MARJO-RIE STANTON et al., Appellants. (Appeal No. 1.)—Order and judgment unanimously affirmed without costs. Memorandum: Plaintiff Regional Gravel Products, Inc. (RGP) agreed to purchase 74 acres of vacant land from defendant Stanton. The printed contract provided that RGP intended to use the property for the mining of sand and gravel and made the sale contingent upon RGP "obtaining any and all required approvals" for such intended use. The addenda to the contract allowed RGP to obtain the required approvals within a specified time and permitted RGP to purchase up to three extensions of 90 days each, which it did, the last period expiring on June 20, 1986. The contract also required RGP to make additional payments to reduce the mortgage if more than a specified quantity of gravel was mined each month. These additional payments were separate from the payments RGP was obligated to make to Stanton pursuant to the terms of the mortgage.

When RGP realized it could not obtain the required approvals within the time limits set out in the contract, it notified Stanton five days before the expiration of the last extension that RGP would remove all contingencies and close the deal. Stanton, having this information, terminated the contract and sold the land to defendant Polvino. Polvino, at the time of the purchase, was aware that RGP had filed a lis pendens against the property and had commenced the instant action against Stanton for specific performance and related relief. Accordingly, Polvino agreed to indemnify Stanton for any costs and damages incurred in the litigation.

Special Term properly granted RGP partial summary judgment on the cause of action for specific performance. Since the mining approval permit contingency was for the sole benefit of RGP, RGP could waive it without Stanton's consent (BPL Dev. Corp. v Cappel, 86 AD2d 591, lv denied 56 NY2d 506; Poteralski v Colombe, 84 AD2d 887; South Shore Skate Club v Fatscher, 17 AD2d 840). The fact that Stanton held a mortgage on the property, or that payments could be increased if the amount of gravel mined exceeded certain limits, does not indicate the contingency was for Stanton's benefit. RGP was

required to pay the regular monthly mortgage payments whether it mined the property or used it for another purpose. Moreover, the adequacy of the property as security for Stanton's mortgage was dependent on the value of the land and not the gravel to be mined from it. Since RGP unequivocally waived the contingency by notifying Stanton of its intention to close prior to the expiration of the last extension period, Stanton did not have the right to cancel the contract and RGP is entitled to specific performance of the contract.

Special Term also properly denied Stanton's motion to resettle the order by deleting reference to her default and properly refused to vacate the default because Stanton's defense to the contract lacked merit (*Charbonneau Custom Logging v Belanger*, 111 AD2d 583; *Amity Plumbing & Heating Supply Corp. v Zito Plumbing & Heating Corp.*, 110 AD2d 863). (Appeal from order and judgment of Supreme Court, Ontario County, Reed, J.—summary judgment.) Present—Dillon, P. J., Doerr, Green, Balio and Davis, JJ.