■ TOM JONES REALTY CORPORATION, Appellant, v HENRY C. FRICK, II, et al., Respondents, and HERBERT CARMEL, Appellant.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, the plaintiff and the additional counterclaim defendant appeal from an order of the Supreme Court, Nassau County (Christ, J.), dated June 4, 1987, which granted the respondents' motion for summary judgment on their first counterclaim and which dismissed the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the appellants' contentions, the sellers effectively converted the contract into one under which time was of the essence. "It is well settled that a vendor of real property may convert an agreement in which time is not of the essence to one in which time is of the essence by giving clear and unequivocal notice to the vendee that a specified reasonable time for the completion of his obligation will be deemed of the essence" *(Shannon v Simon,* 128 AD2d 859, 860, *lv denied* 70 NY2d 605). In response to a letter from the appellants stating that they would refuse to accept title on the law day, December 11, 1986, owing to certain objections they had to the title report, the seller sent a letter in reply which adjourned the closing to December 19, 1986, and stated that "time [was] essence with respect thereto". Moreover, the time provided was reasonable for the appellants to complete their only obligation remaining, i.e., completion of a real property tax transfer questionnaire. That the eight extra days provided by the adjournment was a reasonable period for the completion of this document is underscored by the fact that the appellants did complete it and were present at the closing ready to consummate the transaction.

The appellants' decision not to accept the title proffered, however, constituted a default. Their objections to the title as being unmarketable were not interposed in the 30-day period provided therefor in the contract. Their attempted cancellation was, therefore, ineffective *(Maxton Bldrs. v Lo Galbo,* 68

NY2d 373, 378). Moreover, the appellants' objections to marketability consisted of nothing more than conjecture and speculation and thus could not defeat the motion for summary judgment *(Zuckerman v City of New York,* 49 NY2d 557). Furthermore, the appellants had anticipatorily breached the contract prior to the closing by forwarding a letter to the seller refusing to accept title. Thus, they may not complain that the property was not tendered free of all tenancies, since this defect was curable by the seller *(see, Cohen v Kranz,* 12 NY2d 242, 246).

Finally, the sellers were entitled to retain the $100,000 letter of credit as liquidated damages as provided by the contract. This amount constituted approximately 10% of the purchase price and was clearly reasonable under the circumstances *(see, Maxton Bldrs. v Lo Galbo, supra,* at 382; *see also, Vernitron Corp. v CF 48 Assocs.,* 104 AD2d 409). Thompson, J. P., Bracken, Brown and Sullivan, JJ., concur.