■ JILL REAL ESTATE, INC., et al., Appellants, v ARTHUR

SMYLES et al., Respondents.—In an action for specific performance of a contract for the sale of real property, the plaintiffs appeal from an amended judgment of the Supreme Court, Suffolk County (Jones, J.), entered August 8, 1988, which, after a nonjury trial, is in favor of the defendants and against them dismissing the complaint, and directed the cancellation of a notice of pendency dated April 30, 1985.

Ordered that the amended judgment is reversed, on the law, with costs, specific performance is awarded in favor of the plaintiffs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate further amended judgment.

The plaintiff Steven Kates as buyer and the defendant Arthur Smyles as seller entered into a handwritten memorandum agreement for the sale of real property. Arthur Smyles and his wife, the defendant Popy Smyles, owned the property as tenants by the entirety. In the agreement, the property was described as "1 acre 200 × 200, on Commack Rd. and Beverly on the south side of Chemical Bank, on the west side of Commack Rd.". The purchase price was set forth as $320,000, with a down payment of $128,000 to be paid at the signing of the contract, and the balance of $192,000 to be paid over five years, with an annual interest rate of 18%. An approximate closing date of May 15, 1985, was noted. The agreement was signed by the plaintiff Steven Kates, on behalf of the plaintiff Jill Real Estate, Inc. and by the defendant Arthur Smyles. The defendant thereafter refused to proceed with the sale, and the plaintiffs commenced the instant action for specific performance. The trial court rendered a verdict in the defendants' favor dismissing the complaint on the ground that the memorandum agreement did not satisfy the Statute of Frauds, and on the further ground that the defendant Popy Smyles did not sign the memorandum.

We find that the memorandum executed by Steven Kates and Arthur Smyles satisfies the Statute of Frauds (General Obligations Law § 5-703 [2]) and constitutes a meeting of the minds between the parties. It designates the parties, identifies and describes the subject matter, and states all of the essential and material terms of the agreement (see, Cohen v Swenson, 140 AD2d 407; Anchar Realty Co. v Prince Apts., 127 AD2d 721; Monaco v Nelson, 121 AD2d 371; Birnhak v Vaccaro, 47 AD2d 915). The agreement is sufficiently detailed to identify the amount of the purchase price, and when and in what manner the purchase price was to be paid (see, Dahm v Miele, 136 AD2d 586; Birnhak v Vaccaro, supra). Thus, the

purchase price was not indefinite or ambiguous. Moreover, and contrary to the defendants' position, it is possible to identify the subject property to the requisite degree of certainty (see, Leibowitz v Buck, 276 App Div 1026; Barber v Stewart, 275 App Div 429). In any event, the parties entered into a stipulation specifically identifying the parcel on the Suffolk County tax map.

As a general rule, the adequacy of a writing for Statute of Frauds purposes must be ascertained from the writing itself. Resort to parol evidence would undermine the purpose of the Statute of Frauds (see, Bazak Intl. Corp. v Mast Indus., 73 NY2d 113, 118). To the extent that the defendants' arguments are predicated on parol evidence, we disregard them.

We further find no merit to the defendants' contention that the omission of the defendant Popy Smyles's signature from the memorandum renders the agreement invalid. The general rule is that where property is held by husband and wife as tenants by the entirety, an agreement of sale signed by only one spouse is ineffective to convey title (see, Michaels v Hartzell, 73 AD2d 1056). However, if it is shown that the nonsigning spouse—here, the wife—had complete knowledge of and actively participated in the transaction, she will be estopped from denying her husband's authority to execute the contract on her behalf (Farr v Newman, 18 AD2d 54, affd 14 NY2d 183). At bar, the wife was aware that her husband had posted a "for sale" sign on the subject property, and that he had arranged for advertisements in newspapers. She knew that her husband and Steven Kates were discussing the sale of the property, and had even accepted a check in connection with this transaction, although she claims not to have looked at it at the time. Additionally, she wrote out the name and telephone number of her attorney and gave them to the plaintiff. Despite these facts, she never informed the plaintiffs of her ownership interest in the property. On the contrary, she unequivocally informed Steven Kates that she was not the owner of the property. Nor did her husband ever apprise Mr. Kates that his wife was an owner of the property. Where a party who holds land as a tenant by the entirety, with knowledge or sufficient notice of her rights, freely does what amounts to a recognition or adoption of a contract, or acts in any manner inconsistent with its repudiation, the party is thereafter equitably estopped from avoiding it (Farr v Newman, supra; Gleason v Tompkins, 84 Misc 2d 174).

The plaintiffs have satisfied their burden of proof that there was a valid agreement between the parties to sell the prop-

erty, that the agreement was supported by good and sufficient consideration, and that they were ready, willing, and able to perform. Thus, the plaintiffs are entitled to the relief sought. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.