■ FRANK J. TUCEK, Respondent, v FRED W. HOFFMAN et al., Appellants.—In an action for specific performance of a contract for the sale of real property, the defendants appeal from a judgment of the Supreme Court, Rockland County (Reilly, J.H.O.), dated May 16, 1988, which, after a nonjury trial, is in favor of the plaintiff and against them.

Ordered that the judgment is affirmed, with costs.

On June 1, 1982, the plaintiff entered into a contract with

the defendants to purchase certain real property located in the Town of Orangetown for the sum of $50,000. The contract provided, in pertinent part:

"This contract is expressly subject to the purchaser obtaining at his own cost and expense, the necessary building and zoning permits including zone changes if required to use the property herein described for and to erect thereon a building for wholesale, sales and storage of roofing supplies.

"The purchaser agrees to make application as soon as possible after the execution of this contract to the appropriate officials, board and agencies of the Town of Orangetown for such permits, variances and zone changes as are needed to obtain such permits and to vigorously pursue the same. The seller will cooperate with the purchaser to these applications.

"The closing of title shall take place thirty days after all such permits have been obtained. In the event that such approvals have not been obtained by October 31, 1982, the purchaser shall be entitled to the refund of his down payment of $1,000.00, and the sellers [sic] attorney is authorized to make such refund to the purchaser. Notice of failure to obtain the necessary approval shall be sufficient if given to sellers [sic] attorney by ordinary mail postmarked not later than October 31, 1982".

The record establishes that the plaintiff was unable to obtain the requisite approvals by October 31, 1982. The defendants, however, did not demand that the parties proceed to closing nor did the defendants ever indicate that time was of the essence. The plaintiff, in response to the defendants' complaints, agreed to pay all taxes on the property and, in fact, did so from August 1983 until February 1985. In December 1985 the defendants notified the plaintiff that they were canceling the contract and returning the $1,000 down payment. The plaintiff then commenced the instant action for specific performance of the contract.

Contrary to the defendants' contentions, we find that the evidence adduced at trial was sufficient to support the conclusion that the defendants wrongfully attempted to rescind the contract. While the plaintiff was unable to procure the municipal approvals specified in the contract, it is clear that the provisions concerning the approvals were inserted solely for the benefit of the plaintiff vendee. The plaintiff was, therefore, entitled to waive this requirement and demand performance of the contract (see, *Regional Gravel Prods. v Stanton*, 135 AD2d 1079; *South Shore Skate Club v Fatscher*, 17 AD2d 840;

*see also,* 55 NY Jur, Specific Performance, § 25). In addition, since the defendants essentially granted the plaintiff an indeterminate extension of time within which to procure the municipal approvals, during which time the plaintiff paid all realty taxes on the premises, it was improper for the defendants to suddenly attempt to cancel the contract without first notifying the plaintiff that time was of the essence *(see, Stargiotti v Nigrello,* 114 AD2d 498; *Taylor v Goelet,* 208 NY 253). In sum, since the evidence demonstrated that the plaintiff had been ready, willing and able to consummate the sale at the time of the defendants' purported rescission, the plaintiff's request for specific performance of the contract was properly granted *(see, Zev v Merman,* 134 AD2d 555; *Stawski v Esptein,* 67 AD2d 681).

We have examined the defendants' remaining contentions and find them to be without merit. Kunzeman, J. P., Rubin, Eiber and Miller, JJ., concur.