■ DONALD W. WILKINSON et al., Appellants, v ROBERT HOELSCHER, Respondent.—Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Plaintiff vendees appeal from an order granting the motion of defendant vendor for summary judgment dismissing the complaint in plaintiffs' action for specific performance of a contract for the sale of real property. Although both parties assert that they are entitled to summary judgment, we hold that neither party is entitled to summary judgment on this sparse record.

Defendant offered no competent proof in support of his motion, nor can summary judgment be upheld on the basis of his legal contentions. Defendant's first affirmative defense of laches is misplaced. In the absence of a showing of prejudice, that doctrine does not require dismissal of a contract action brought within two years after the alleged breach. Defendant's second affirmative defense, which alleges that plaintiffs failed to perform by the closing date, is also legally and factually insufficient. A party's failure to perform by the closing date specified in the contract does not constitute a material breach unless the other party has put him on notice that time is of the essence. Here, there is no indication in the record that defendant had declared time to be of the essence. Therefore, it is inconsequential that plaintiffs did not obtain a

mortgage commitment until two weeks after the closing date. Finally, defendant's argument that the contract did not contain a mortgage contingency clause is belied by the plain language of the contract. With respect to defendant's contention that plaintiffs are "attempting to circumvent earlier decisions of this court which grant title and possession" to defendant, our prior decisions determined the rights of the parties under a different contract.

Similarly, the record is insufficient to warrant summary judgment for plaintiffs. Although it appears that plaintiffs diligently obtained a mortgage commitment, there is no indication in the record that they satisfied the conditions of that commitment or that they were otherwise ready, able or willing to perform. Nor is there anything in the record, apart from plaintiffs' conclusory assertions, to show that they pursued a prompt closing in an effort to preserve their rights under the contract. Although plaintiffs allege that defendant thwarted their performance by refusing to provide the search and survey required by their lender, the record contains no proof of that assertion.

Finally, we note our disapproval of the fact that, after this contract was made, these same parties argued an appeal relating to an earlier contract of sale on the same property without informing this court of the existence of the new contract. (Appeal from order of Supreme Court, Erie County, Joslin, J.—summary judgment.) Present—Dillon, P. J., Denman, Green, Pine and Lowery, JJ.