■ SAMMARCO GARDEN CENTER, INC., et al., Respondents, v ROSE SAMMARCO, Appellant, et al., Defendants.—In an action, *inter alia,* for specific performance of a contract to convey real property, the defendant Rose Sammarco appeals from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered October 18, 1989, as denied her motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Frank V. Miceli, as the owner of Sammarco Garden Center, Inc., purchased Sammarco Garden Center from his grandfather, Peter Sammarco. Miceli also leased the real property on which the Garden Center was located from his grandfather. The lease contained an option to renew, which Miceli was to exercise by March 1, 1988. Miceli was also given an option to purchase the property if he exercised the option to renew the lease. By letter dated March 27, 1988,

Miceli notified his grandfather of his intent to renew the lease. By utilizing an "Exercise of Option to Purchase" dated May 27, 1988, Miceli notified his grandfather of his intent to purchase the property.

After Peter Sammarco died, the defendants refused to convey the property to Miceli. In May 1989 Miceli instituted this action, *inter alia,* for specific performance. The appellant moved to dismiss the complaint, pursuant to CPLR 3211 (a) (1) and (7), based on documentary evidence and failure to state a cause of action. She contended that because he did not exercise his option to renew by March 1, 1988, Miceli could not exercise his option to purchase. The court denied the motion and held that the complaint was sufficient on its face and that issues existed as to intent of the parties and a possible estoppel due to the defendants' acceptance of certain payments.

We agree with the court's conclusions that the complaint sufficiently states a cause of action and that the document on which the appellant relies is not dispositive of the plaintiff's right to relief as a matter of law. "In order to prevail on a defense founded on documentary evidence, the document relied upon must definitively dispose of the plaintiff's claim" *(Greenwood Packing Corp. v Associates Tel. Design,* 140 AD2d 303, 305). The appellant relies on Miceli's failure to exercise his option to renew by March 1, 1988, to negate his option to purchase the property. Although Miceli is not entitled to relief at law, the court may grant him equitable relief *(see, J.N.A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392; *United Skates v Kaplan,* 96 AD2d 232; *Blake Serv. Center v J.C.R. Realty Corp.,* 59 AD2d 931). In *J.N.A. Realty Corp. v Cross Bay Chelsea (supra),* the Court of Appeals held that a commercial tenant's failure to timely send written notice of renewal does not preclude the court from granting equitable relief if the tenant has made valuable improvements on the property and the landlord is not harmed by the late notice *(see also, Jack Realty Co. v Pergament Syosset Corp.,* 27 NY2d 449; *Blake Serv. Center v J.C.R. Realty Corp., supra).* The complaint contains the necessary allegations to defeat a motion to dismiss. The complaint alleges that the plaintiff made substantial improvements to the property in reliance on the option to purchase the property. The complaint also sufficiently states a cause of action for specific performance, in that the complaint alleges that Miceli exercised his option to purchase and that he was ready, willing and able to buy the property at the time of the seller's refusal to sell *(see, Tucek v Hoffman,* 161 AD2d

588). Thompson, J. P., Brown, Kunzeman and Balletta, JJ., concur.