■ DONALD W. WILKINSON et al., Respondents, v ROBERT HOELSCHER, Appellant. (Appeal No. 1.)—Order unanimously reversed on the law with costs, motion denied and complaint dismissed. Memorandum: In this action for specific enforcement of a contract for the sale of real property, defendant appeals from two orders of Supreme Court. The first granted plaintiffs summary judgment entitling them to specific performance of the contract. The second denied defendant's motion for reargument and renewal of the motion for summary judgment, and granted plaintiffs' request to be put in possession of the subject premises. We reverse the first order and grant defendant summary judgment dismissing the complaint. Additionally, although the second order properly denied reargument and renewal, it must be modified insofar as it enforces the first order by ejecting defendant from the premises.

On a prior appeal in this case, the fourth such appeal

spawned by plaintiffs' unsuccessful attempts, over a 15-year period, to purchase the subject property pursuant to two separate contracts of sale, we stated that the record then before us was insufficient to entitle either party to summary judgment under the 1985 contract *(Wilkinson v Hoelscher,* 163 AD2d 819). The present record apprises us of the circumstances surrounding the parties' formation of the 1985 contract, and we conclude that plaintiffs were not ready, willing and able to close on the contract date or within a reasonable time thereafter.

The contract was entered to effectuate the court's explicit directive that plaintiffs tender the balance of the purchase price by January 31, 1985 or forfeit any interest in the property. Plaintiffs' subsequent actions and the court's subsequent directives make clear that the parties expected plaintiffs to comply with that time requirement. Plaintiffs asked the court for an extension, thus indicating their understanding with respect to the importance of the time requirement. The court initially granted such extension, but only for one month, and stated that no further extension would be granted, that the closing was required prior to March 1, 1985, and that plaintiffs were required to pay in full by that date. Subsequently, as a result of plaintiffs' failure to comply with a rent requirement that had been made a condition of the extension, the court rescinded that extension, in effect reinstating the original January 31, 1985 deadline.

When plaintiffs failed to close by January 31 and failed to pay February rent as required by the court, defendant successfully moved to rescind the extension and was granted an order ejecting plaintiffs from the premises. That conduct indicates defendant's intent to insist on strict adherence to the time requirement in the contract and certainly put plaintiffs on notice of the need to close forthwith.

Because plaintiffs were not ready, willing and able to perform, they were in material breach of the contract and may not maintain this action alleging defendant's breach. (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Summary Judgment.) Present—Denman, P. J., Pine, Balio, Lawton and Doerr, JJ.