■ EVELYN VETRANO, Individually and as Surviving Spouse of SALVATORE T. VETRANO, SR., Deceased, Appellant, v PHILIP N. ASHE et al., Respondents. [606 NYS2d 398] —Cardona, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered February 6, 1992 in Washington County, upon a decision of the court in favor of defendants.

Plaintiff and her deceased husband (hereinafter decedent) became owners as tenants by the entirety by deed dated September 11, 1968 of property located in Washington County which is the subject of this action. Gloria Schroeder, daughter of plaintiff and decedent, was given powers of attorney by decedent in 1983 and plaintiff in 1984. Subsequently Schroeder signed, as attorney in fact for decedent, a purchase and

sale contract and a land contract dated April 2, 1985 and May 10, 1985, respectively, for sale of the property to defendants. The land contract was recorded in the County Clerk's office in June 1985. Both of these listed only decedent as the seller and the land contract includes an acknowledgement of the signature of "Salvatore T. Vetrano [decedent] by Gloria Schroeder P.A."

The contract called for a down payment of $3,000, for monthly payments of $172.18 for five years, for defendants to pay property taxes and carry insurance, and for a balloon payment after five years of the outstanding principal and interest. During the five years defendants made timely monthly payments, reimbursed decedent (although not always promptly) for property taxes which he paid and made substantial improvements to the property.

In April 1990 defendants filed for bankruptcy. Thereafter defendants listed the property for sale and accepted a purchase offer dated July 17, 1990 for $24,000 from Stanley King. Decedent died on August 25, 1990. Plaintiff then commenced this action seeking a judgment declaring the land contract null and void because it sought to circumvent her right of survivorship. On September 14, 1990 a closing was held. Plaintiff attended and executed a deed transferring the property to King. Plaintiff was paid the amount due on the land contract for principal, interest and taxes from the $24,000 proceeds. The remainder of the proceeds ($12,444.58) was placed into escrow pending resolution of this dispute.

Following a nonjury trial, Supreme Court found that plaintiff would be unjustly enriched if she were to receive the entire proceeds of the sale after benefiting from the payments made according to the land contract and, furthermore, that plaintiff was equitably estopped from asserting her title to the property. Supreme Court entered judgment denying plaintiff declaratory relief and awarded the sum in escrow to defendants. Plaintiff appeals.

We affirm. The record shows that both decedent and plaintiff benefited from the years of installment payments made by defendants. The monthly payments were deposited to decedent's checking account and that account was used to pay household bills as well as taxes owed on the subject premises. Plaintiff was aware that payments were being made by defendants and that the payments included property taxes. At times, defendants' payments were also used to purchase groceries for plaintiff and decedent.

It is also clear that plaintiff voluntarily deferred all decisions regarding real estate transactions and financial matters to decedent and later to her daughter and her spouse. Her daughter was her attorney-in-fact when the daughter executed the land contract in this case. Had plaintiff actually known about her tenancy by the entirety at the time her daughter executed the land contract on behalf of decedent, it is inconceivable that she would not have signed the contract if requested to do so by decedent or her daughter or simply acquiesced in her daughter's use of her power of attorney to execute for plaintiff. Under these circumstances, and given defendants' good-faith reliance upon decedent's apparent sole ownership, it is just to charge plaintiff with adoption of the contract (cf., Jill Real Estate v Smyles, 150 AD2d 640, 642; Gleason v Tompkins, 84 Misc 2d 174, 179) and uphold Supreme Court's determination that she should be equitably estopped from repudiating it.

We have considered plaintiff's other contentions and reject them as lacking in merit.

Weiss, P. J., Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.