■ CHUNG-LI CHOU et al., Appellants, v MAIN STREET ASSO-CIATES et al., Respondents. [617 NYS2d 313] —In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Leviss, J.), dated January 18, 1993, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

The plaintiffs entered into a contract pursuant to which the defendants agreed to construct a five family dwelling with a

medical office. The contract provided that the deed would be delivered on or about September 30, 1988. The defendants did not obtain a certificate of occupancy until February 1992. During the period between September 1988 and February 1992, while the defendants were attempting to secure the certificate of occupancy, the plaintiffs reaffirmed their interest in completing performance, albeit with a price adjustment. The defendants insisted upon performance at the contract price and scheduled a closing for July 16, 1992, declaring that "time is of the essence". Thereafter, the plaintiffs commenced this action alleging that the defendants breached the contract of sale by failing to complete the building and deliver the deed within a reasonable time after September 30, 1988, and by making substantial alterations in the building plans without the consent of the plaintiffs. The plaintiffs demanded a judgment rescinding the contract and recovering the payments that they had already made. The defendants moved to dismiss upon the ground that the complaint did not state a cause of action under CPLR 3211 (a) (7). The Supreme Court granted the motion and we affirm.

It is well settled that a party's failure to perform by the closing date specified in the contract does not constitute a material breach unless the other party has effectively declared time to be of the essence (see, *Wilkinson v Hoelscher,* 163 AD2d 819; *Jones Realty Corp. v Frick,* 144 AD2d 451). In this case, the plaintiffs never declared time to be of the essence (see, *Tucek v Hoffman,* 161 AD2d 588; *Stargiotti v Nigrello,* 114 AD2d 498). Moreover, notwithstanding the delay, the plaintiffs twice, in the intervening period, indicated that they still sought performance. Therefore, they cannot now repudiate the contract by citing the defendants' alleged breach (see, *Jones Realty Corp. v Frick, supra).* Furthermore, since the contract provided that the defendants reserved the right to determine the design of the building, the plaintiffs do not have a claim for breach of contract based on the ground that defendants made unauthorized alterations in the building.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.