■ James Luo et al., Respondents, v Main Street Associates et al., Appellants. [622 NYS2d 761] —In an action, *inter alia,* to recover the down payment on a real estate contract, the defendants appeal from so much of an order of the Supreme Court, Queens County (Golar, J.), dated August 16, 1993, as (1) denied their motion for summary judgment dismissing the complaint, or, for dismissal of the action against the individual defendants, and (2) granted the plaintiffs' cross motion for leave to amend the complaint to add a second cause of action for breach of contract.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is granted and the plaintiffs' cross motion for leave to amend the complaint is denied.

Contrary to the plaintiffs' arguments on appeal, their cause of action for breach of the defendants' obligations under the contract is clearly one for rescission. Delay in performance of a contract where time is not of the essence is not a material breach on which to base the equitable remedy of rescission

*(Chung Li-Chou v Main St. Assocs.,* 208 AD2d 670; *see also, K.M.L. Labs. v Hopper,* 830 F Supp 159; *Grace v Nappa,* 46 NY2d 560; *Isse Realty Corp. v Trona Realty Corp.,* 17 NY2d 763). Therefore, the breach of contract cause of action should have been dismissed against all the defendants.

Moreover, since the contract provided that the defendants reserved the right to determine the design of the building, the plaintiffs' proposed claim for breach based on non-conformance with plans is without merit *(Chung Li-Chou v Main St. Assocs.,* 208 AD2d 670, *supra),* and their cross motion to amend the complaint should have been denied. Bracken, J. P., Sullivan, Miller and Goldstein, JJ., concur.