■ EC, L. L. C., Appellant, v EAGLECREST MANUFACTURED HOME PARK, INC., Respondent. (Appeal No. 1.) [715 NYS2d 170] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Erie County, Fahey, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Balio, JJ.

■ EC, L. L. C., Respondent, v EAGLECREST MANUFACTURED HOME PARK, INC., Appellant. (Appeal No. 2.) [713 NYS2d 391] —Order unanimously affirmed without costs. Memorandum: Defendant entered into a contract for the sale of its real property to Richard B. Kellam Associates, Inc., which later assigned the contract to plaintiff. Defendant terminated the contract by a

letter dated February 2, 1998, and plaintiff thereafter commenced this action seeking specific performance of the contract and damages for breach of contract. Supreme Court denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint and, upon reargument, adhered to its prior decision. Contrary to defendant's contention, the court acted within its discretion in granting reargument (*see, Dixon v New York Cent. Mut. Fire Ins. Co.,* 265 AD2d 914). In any event, the court properly adhered to its prior decision upon reargument.

The contract, dated May 23, 1997, did not recite a specific closing date, but it is undisputed that the parties anticipated that the closing would occur in August 1997. The parties signed an addendum to the contract in September 1997 providing that the closing would occur on January 31, 1998 or sooner. The addendum to the contract did not recite that time was of the essence (*see, Levine v Sarbello,* 112 AD2d 197, 199-200, *affd* 67 NY2d 780). On January 13, 1998, plaintiff requested an extension of the closing date. Defendant, by letter and fax dated January 13, 1998, informed plaintiff that it would "not grant any extension of contract, performance or closing beyond January 31, 1998." Plaintiff again requested an extension by letter dated January 20, 1998, but noted that, if defendant did not agree to extend the closing date, plaintiff would close by the end of the month. Defendant responded on January 22 and 26, 1998, reiterating that it would not extend the contract or closing beyond January 31.

One party to a contract for the sale of real property may unilaterally determine that time is of the essence with respect to a specified closing date (*see, Zev v Merman,* 134 AD2d 555, 557, *affd* 73 NY2d 781). Here, defendant made time of the essence with respect to the January 31 closing date by clear and unequivocal notice and provided plaintiff with a reasonable time in which to act (*see, Zev v Merman, supra,* at 557; *Levine v Sarbello, supra,* at 200; *Miller v Almquist,* 241 AD2d 181, 185). The notices warned plaintiff that its failure to close on that date would result in a default (*see, Zev v Merman, supra,* at 557-558). Defendant gave plaintiff a reasonable time to perform the contract, particularly in view of the fact that the parties initially anticipated a closing date in August 1997. In addition, plaintiff acknowledged by its letter dated January 20, 1998 that it could close by the end of the month. Plaintiff's failure to close on January 31 constituted a material breach of the contract (*see, Palmiotto v Mark,* 145 AD2d 549, 549-550, *lv denied* 74 NY2d 608; *cf., Wilkinson v Hoelscher,* 163 AD2d 819).

Even if defendant did not make time of the essence with respect to the January 31st closing date, it nonetheless was entitled to summary judgment dismissing the complaint. By letter sent to defendant dated February 2, 1998, plaintiff stated that a new closing date was set for February 12, 1998, and declared that time was of the essence. Defendant met its burden of establishing that plaintiff was not ready, willing, and able to perform its obligations under the contract by February 12, 1998, and plaintiff failed to raise an issue of fact (*see, Zev v Merman, supra,* at 557; *Scull v Sicoli,* 247 AD2d 852, 853; *Provost v Off Campus Apts. Co.,* 211 AD2d 850, 851). (Appeal from Order of Supreme Court, Erie County, Fahey, J.—Reargument.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Balio, JJ.