Edbar Corp. v Sementilli (2004 NY Slip Op 50648(U))

[*1]

Edbar Corp. v Sementilli

2004 NY Slip Op 50648(U)

Decided on May 27, 2004

Supreme Court, Bronx County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 27, 2004

Supreme Court, Bronx County
EDBAR CORPORATION, Plaintiff,
against
EGIDIO SEMENTILLI, TONINO SEMENTILLI, BAR ROMA ENTERPRISES, INC., their successors and/or assigns, et al., Defendants.
16588/02

Dianne T. Renwick, J.
Plaintiff Edbar Corporation commenced this action for specific performance of two contracts of sale of two adjacent parcels of land, located at 2415-19 and 2431 Beaumont Avenue, Bronx, New York, and owned respectively by the Sementilli brothers (Egidio and Tonino) and Bar Roma Enterprises. On December 12, 2003, this Court granted Defendant Bar Roma Enterprises' motion for summary judgment dismissing the claims asserted against it, on the ground that the contract entered by the president on behalf of the corporation was rendered void by his failure to obtain prior shareholders' approval of the sale. Plaintiff Edbar Corporation now moves for summary judgment on its claim for specific performance with regard to the contract of sale of the property owned by defendant-sellers, Egidio and Tonino Sementilli.
A proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Zuckerman v. City of New York, 49 N.Y.2d 557 (1980). Once this showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action. Romano v. St. Vincent's Medical Center of Richmond, 178 A.D.2d 467 (2nd Dept., 1991).
Here, as noted above, plaintiff Edbar Corporation seeks specific performance with regard to the contract of sale of the property owned by defendant Egidio and Tonino Sementilli. This Court finds that plaintiff Edbar Corporation meets its burden of establishing a viable and [*2]enforceable Purchase and Sale agreement, binding upon both parties to the contract, with regard to the lot owned by the Sementilli brothers. In support of its motion plaintiff submits, inter alia, a copy of the Purchase and Sale Contract in question, which provides in pertinent part that the lot was to be sold as follows:

The purchase price is for two lots, Block 3090, Lot 10, Street Number 2415-19 Beaumont Avenue . . . and for Block 3090, Lot 17, Street number 2431 East 188 Street, Bronx, New York covered in an additional separate contract to be executed simultaneously with the contract herein. It is understood by the parties that the contract price is for both parcels to be purchased simultaneously.
In the event that both parcels cannot be sold, the purchaser has the option to cancel the agreements and have his contract down payment returned or he can purchase either parcel separately at fifty percent (50%) for either parcel.
This Court finds that the aforementioned provision in the contract providing for the simultaneous purchase of both parcels of land was intended for the benefit of the buyer-plaintiff. Indeed, the explicit language of the contract provides that only the buyer-purchaser had the option of canceling the contract if the sale of both lots could not be carried at the same time. Moreover, as explained by the buyer-plaintiff, it felt compelled to buy the two lots as a single parcel of land "as the large lot [Sementilli property] had no access to the street." This significant factual assertion is not refuted by defendant-seller.
It is well-established that a party for whose benefit a provision is inserted in a contract may waive that provision and accept performance of the contract as is. Tucek v. Hoffman, 161 A.D.2d 588 (2nd Dept. 1990); W.W.W. Assocs. v. Giancontieri, 152 A.D.2d 333 (2nd 1989); Regional Gravel Products, Inc. v. Stanton, 135 A.D.2d 1079 (4th Dept. 1987); DeFraites v. Holley, 93 A.D.2d 852 (2nd Dept. 1983). Thus, when plaintiff learned that the Purchase and Sale Agreement with regard to the lot owned by Bar Roma Enterprises was rendered void by Business Corporation Law 909-a, plaintiff had the right to waive the contingency and require performance of the remaining contract. See Praver v. Remsen Assoc., 150 A.D.2d 540 (2nd Dept. 1989).
This Court further finds that buyer-plaintiff met its burden of proving that it is ready, willing and able to perform, which is a prerequisite to obtain specific performance. See Contro v. White, 176 A.D.2d 1052 (3rd Dept. 1991). Plaintiff has submitted an affidavit of an officer from the Ponce DeLeon Federal Bank, indicating that plaintiff-buyer has a line of credit for $750,000.00, which exceeds the agreed-price of the parcel of land in question. Thus, as the purchaser is ready, willing and able to perform, and has elected to proceed to closing, despite the fact that it will not be able to buy, at least at this time, the lot owned by Bar Roma Enterprises, Inc., the defendant-sellers of the remaining lot cannot unilaterally cancel the contract of sale based upon the impossibility of the contingency that both lots must be sold at the same time. See Coneys v. Game, 141 A.D.2d 795 (2nd Dept. 1988).
Nor does this Court find any merit to defendant-sellers' allegation that specific performance is barred because the contract called for the closing to take place within 30 days after the signing of the contract. Since the delay was attributed to the litigation of the validity of [*3]the sale of the property owned by Bar Roma Enterprises, it is disingenuous, in this Court's view, for defendant-sellers to now attempt to cancel the contract, specially since defendants never notified plaintiff that time was of the essence. See Stargiotti v. Nigrello, 114 A.D.2d 498 (2nd Dept. 1985).
Conclusion
Since the record is devoid of any evidence or logical reason that the contingency at issue (that the sale of the lot owned by the Sementilli brothers was contingent upon the concomitant sale of the lot owned by Bar Roma Enterprises) was intended for the benefit of defendant-sellers, but clearly reveals that the clause was inserted for the benefit of plaintiff-buyer, plaintiff-buyer was entitled to waive the condition and request closing, upon learning that the contract of sale of the adjacent lot was found by this Court to be void. Thus, in the absence of any triable issue, this Court must grant summary judgment to plaintiff buyer and against defendant-sellers directing specific performance of the contract dated November 15, 2001, for the purchase of the real property at issue.
For the foregoing reasons, it is hereby
ORDERED that summary judgment is granted in favor of plaintiff Edbar Corporation for specific performance and against defendants Egidio Sementilli and Tonino Sementilli and the Clerk is directed to enter an appropriate judgment in accordance herewith.
This constitutes the Decision and Order of the Court.
Dated: May 27, 2004 __________________________
Bronx, New York Hon. Dianne T. Renwick, J.S.C.