■ CALEDONIA CONSTRUCTION CORP., Respondent, v GHULAM DASTGIR, Appellant, et al., Defendant. [786 NYS2d 325]—

In an action to recover damages for breach of contract and for specific performance, the defendant Ghulam Dastgir appeals from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated March 8, 2004, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff corporation contracted to purchase a parcel of unimproved property from the appellant, Ghulam Dastgir, conditioned upon the purchaser securing subdivision approval from the Town of Huntington by September 11, 1998. The plaintiff was not able to obtain the final subdivision approval until March 2003. By letter dated June 9, 2003, the appellant cancelled the contract and returned the down payment. This action to recover damages for breach of contract and for specific performance ensued. The Supreme Court denied the appellant's motion for summary judgment, finding that the plaintiff's submissions in opposition were sufficient to raise triable issues of fact.

An examination of the contract reveals that the parties intended to afford each other the right to cancel the contract if the subdivision approval could not be obtained before a stated date. However, we agree with the Supreme Court that triable issues of fact exist as to whether the appellant waived performance within the time period originally fixed and essentially granted the plaintiff an indeterminate extension of time. The documentary evidence demonstrated that the appellant actively participated in the effort to procure the municipal approvals after expiration of the contingency period. Moreover, if the appellant intended to repudiate the contract on the basis of the alleged breach it was necessary that he first make time of the essence and notify the plaintiff that the contract would be cancelled if it did not perform within a specified time (*see Stargiotti v Nigrello,* 114 AD2d 498 [1985]; *Tucek v Hoffman,* 161 AD2d 588 [1990]; *see also Chung-Li Chou v Main St. Assoc.,* 208 AD2d 670 [1994]).

The plaintiff demonstrated the existence of triable issues of fact concerning whether the appellant's wife, Shabnam Dastgir, although not a signatory to the contract, had full knowledge of the transaction and actively participated in the effort to procure the subdivision approval, such that she should be estopped from denying her husband's authority to contract on her behalf (*see Jill Real Estate v Smyles,* 150 AD2d 640 [1989]). Santucci, J.P., Schmidt, Adams and Skelos, JJ., concur.