■ PAT PESCATORE, Appellant, v GIUSEPPE MANNIELLO et al., Respondents. [799 NYS2d 220]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated June 30, 2004, which granted the motion of the defendant Elisa Manniello for summary judgment dismissing the complaint insofar as asserted against her and, upon searching the record, awarded summary judgment dismissing the complaint insofar as asserted against the defendant Giuseppe Manniello.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

In support of her motion for summary judgment dismissing the complaint insofar as asserted against her, the defendant Elisa Manniello failed to make a prima facie showing that the purchase deposit agreement signed by the plaintiff and the defendant Giuseppe Manniello was not an enforceable agreement (see General Obligations Law § 5-703 [2]; *Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Jill Real Estate v Smyles,* 150 AD2d 640 [1989]). To the contrary, the purchase deposit agreement satisfied the statute of frauds, as it identified the parties to the subject real estate sales transaction, described the realty to be sold with reasonable particularity, and it stated the purchase price of the realty, the down payment called for as well as its due date, and the balance due upon closing. The agreement also provided for a closing date, and stated that the transaction was not subject to mortgage financing. The additional fact that the agreement stated that a more formal contract was to be signed does not render the purchase deposit agreement unenforceable (see *Maccioni v Guzman,* 145 AD2d 415 [1988]). Accordingly, the Supreme Court erred in granting the motion of Elisa Manniello for summary judgment dismissing the complaint insofar as asserted against her on the ground of the statute of frauds, and in searching the record, dismissing the complaint insofar as asserted against the defendant Giuseppe Manniello on the same ground.

Elisa Manniello's contention that she did not sign the purchase deposit agreement, while true, does not require a reversal. Generally, where spouses own real property as tenants by the entirety, as the defendants do here, "an agreement of sale signed by only one spouse is ineffective to convey title" (*Jill Real Estate v Smyles, supra* at 642). However, if it is shown that the non-signing spouse was aware of and actively participated in the transaction, that spouse will be estopped from denying the signing spouse's authority to execute the contract

on behalf of the non-signing spouse (*id.*). Here, Elisa Manniello made a prima facie showing that she did not sign the purchase deposit contract. However, in opposition, the plaintiff raised a triable issue of fact as to whether she should be estopped from denying Giuseppe Manniello's authority to sign the purchase deposit agreement on her behalf (*see Alvarez v Prospect Hosp., supra; Caledonia Constr. Corp. v Dastgir,* 13 AD3d 570 [2004]).

In light of the foregoing determination, we need not address the plaintiff's remaining contentions. H. Miller, J.P., Schmidt, Adams and Goldstein, JJ., concur.