**CITADEL EQUITY FUND LTD. and Citadel Credit Trading Ltd., Plaintiffs–Appellants,**

v.

**AQUILA, INC., Defendant–Appellee.**

**No. 05–3151–CV.**

United States Court of Appeals, Second Circuit.

Feb. 22, 2006.

Eric R. Olson, Denver, Colorado, for Appellants.

Scott A. Edelman (Michael Adam Berg, on the brief), New York, New York, for Appellee.

PRESENT: Honorable WILFRED FEINBERG, Honorable AMALYA L. KEARSE and Honorable REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 22nd day of February, Two Thousand Six.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on May 18, 2005, is hereby AFFIRMED.

Plaintiffs-appellants Citadel Equity Fund Ltd. and Citadel Credit Trading Ltd. (hereafter referred to collectively as "Citadel") sue Aquila, Inc. for breach of contract stemming from Aquila's refusal to pay a "Make Whole" premium of approximately $35 million in connection with its prepayment of certain debt obligations. In appealing the district court's dismissal of its complaint for failure to state a claim, *see* Fed.R.Civ.P. 12(b)(6), Citadel argues two points: (1) the district court erred in considering evidence outside the pleadings in granting the motion to dismiss; and (2) the district court erroneously concluded that a majority of the lenders to Aquila (Citadel included) could not unilaterally waive the mandatory repayment clause that Aquila relies on to excuse it from paying the make-whole premium. Because both arguments lack merit, we affirm the judgment of dismissal. In so ruling, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

We review a judgment of dismissal *de novo,* and we will affirm only if it is clear as a matter of law that the pleadings, even when accepted as true and viewed in the light most favorable to the plaintiff, fail to state a claim for which relief can be afforded. *See Twombly v. Bell Atlantic Corp.,* 425 F.3d 99, 106 (2d Cir.2005). In this case, the parties agree that, under the contract's choice of law provision, New York law applies.

### 1. *Extrinsic Evidence*

Citadel asserts that the judgment of dismissal must be vacated because the district court improperly relied on extrinsic evidence. *See Friedl v. City of New York,* 210 F.3d 79, 84 (2d Cir.2000); *see also Kopec v. Coughlin,* 922 F.2d 152, 155 (2d Cir.1991). We disagree.

 In opposing Aquila's motion for dismissal, Citadel argued that Aquila was precluded from relying on the mandatory prepayment clause by its defeasance of its debt obligations prior to September 15,

2004—an argument that Citadel no longer pursues on appeal. In rejecting this argument, the district court took judicial notice of an SEC filing obliquely alluded to by Citadel. The filing indicated that Aquila had irrevocably deposited $259.8 million with the trustee of the July notes but gave no indication of any irrevocable deposit related to the October notes. Such judicial notice of a public filing was properly within the court's discretion on a motion to dismiss. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir.1991) (citing Fed.R.Evid. 201).

To the extent Citadel submits that the district court necessarily considered other extrinsic evidence that, unlike the SEC filing, is not amenable to judicial notice, it points to nothing in the district court's opinion to support this conclusion. Accordingly, we decline to vacate the judgment of dismissal on this ground.

### 2. *Waiver of the Mandatory Repayment Clause*

On this appeal, Citadel does not dispute that the operation of the mandatory repayment clause in the parties' contract would absolve Aquila of any obligation to pay the specified "Make Whole" premium. It contends only that the district court erred in refusing to recognize the validity of a unilateral waiver of this repayment clause by a majority of Aquila's lenders. The argument is unconvincing.

Under New York law, a party may unilaterally waive a contract provision inserted solely for its benefit. *See, e.g., Tucek v. Hoffman,* 161 A.D.2d 588, 589, 555 N.Y.S.2d 167, 168 (2d Dep't 1990). A party cannot unilaterally waive a contract provision that benefits both sides. *See Praver v. Remsen Assocs.,* 150 A.D.2d 540, 541,

541 N.Y.S.2d 440, 441 (2d Dep't 1989). In an effort to bring itself within the first circumstance, Citadel alleges in its complaint that the contract's mandatory repayment provision was intended to benefit the lenders. Whether a contract term is intended to benefit one or both parties is a question that the court must determine in the first instance by looking to the four corners of the agreement. *See W.W.W. Assocs. v. Giancontieri,* 77 N.Y.2d 157, 162–63, 565 N.Y.S.2d 440, 443, 566 N.E.2d 639 (1990). To the extent Citadel points us to contrary California law, *see Wyler Summit P'ship v. Turner Broad. Sys., Inc.,* 135 F.3d 658 (9th Cir.1998), the New York Court of Appeals has explicitly noted that California law does not follow the "four corners" rule as strictly as does that of New York, *Greenfield v. Philles Records, Inc.,* 98 N.Y.2d 562, 574, 750 N.Y.S.2d 565, 569, 780 N.E.2d 166 (2002). It is the latter state law that controls our review.

■ Examining the mandatory repayment clause here at issue, we conclude, as did the district court, that the mandatory repayment clause, by its plain terms, unambiguously benefits Aquila as well as its lenders. Not insignificantly, a New York court construing the same contract clause has reached the same conclusion. *See BBT Fund v. Aquila, Inc.,* No. 603267/04, slip op. at 6–7 (Sup.Ct., N.Y.Co. May 16, 2005). In the face of this unambiguous contract provision, Citadel's pleading of a narrower beneficiary intent is merely a legal conclusion that the district court was not obliged to credit at the pleading stage. *See Frigitemp Corp. v. Financial Dynamics Fund, Inc.,* 524 F.2d 275, 277 n. 1 (2d Cir.1975).[1]

---

**1.** In the district court, Citadel opposed Aquila's dismissal motion by arguing that the contract was *unambiguous* in precluding Aquila from invoking the mandatory repayment clause to avoid paying the "Make Whole" premium. Only after failing on this argument

We have considered all of Citadel's remaining arguments and find them to be equally without merit.

The May 18, 2005 judgment of dismissal is hereby AFFIRMED.

does Citadel now contend on appeal that the repayment clause is too ambiguous to support a judgment of dismissal in favor of Aquila. As a rule, this court will not consider an argument not raised in the district court. *See In re Enron Corp.*, 419 F.3d 115, 126 (2d Cir.2005); *Thomas v. Roach,* 165 F.3d 137, 146 (2d Cir.1999). In any event, in this case,

the plain language of the mandatory repayment clause belies Citadel's claim of ambiguity.

