■ ROMAZ PROPERTIES, LTD., Respondent, v DANIEL HOTCHKIN et al., Appellants. [828 NYS2d 518]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendants appeal, as limited by their brief, from so much of an order of the County Court, Suffolk County (Weber, J.), dated July 18, 2005, as, after a nonjury trial, awarded the plaintiff specific performance of the contract.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law and the facts, and the matter is remitted to the County Court, Suffolk County, for the entry of a judgment dismissing the complaint; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The defendants entered into a contract with the plaintiff pursuant to which the defendants agreed to sell a portion of their

land to the plaintiff. The plaintiff intended to incorporate the purchased land into its subdivision. The defendants retained a portion of their land. The contract provided that the plaintiff would obtain subdivision approval from the Town of Huntington, which approval was to include one-acre zoning for that parcel retained by the defendants. Several years later, the approval had not been obtained, and the parties did not close.

Eventually, the plaintiff commenced this action, inter alia, for specific performance, asserting that the defendants had waived the requirement of subdivision approval. The County Court, after a nonjury trial, found in favor of the plaintiff and awarded it specific performance. We reverse.

As this case was tried to the court, without a jury, this Court's power to review the evidence is as broad as that of the trial court, with appropriate regard given to the decision of the trial judge who was in a position to assess the credibility of the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]).

The defendants' conduct did not demonstrate an intent to waive the condition of subdivision approval, and therefore the plaintiff's claim that the condition was waived was unsubstantiated. In light of the plaintiff's failure to obtain subdivision approval in accordance with the terms of the contract, the defendants properly cancelled the contract after setting a reasonable closing date in their time-of-the-essence letter (*see Caledonia Constr. Corp. v Dastgir,* 13 AD3d 570, 571 [2004]; *Johnson v Phelan,* 281 AD2d 394, 395 [2001]; *Zev v Merman,* 134 AD2d 555, 557 [1987], *affd* 73 NY2d 781 [1988]).

In light of our determination, the defendants' remaining contentions need not be reached. Crane, J.P., Skelos, Lifson and Dillon, JJ., concur.