ISLAND ESTATES MANAGEMENT, INC., Respondent, v MBA-MANORHAVEN, LLC, Appellant. [886 NYS2d 768]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Nassau County (Austin, J.), dated October 10, 2008, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff contracted to purchase a parcel of unimproved property from the defendant conditioned upon, inter alia, the plaintiff securing subdivision approval from the Village of Manorhaven by June 16, 2002. The plaintiff was not able to obtain the subdivision approval until December 15, 2004, and, even then, the approval was conditioned upon remediation of environmental contamination on the property to the satisfaction of the New York State Department of Environmental Conservation and the Department of Health. Such remediation was, pursuant to the contract of sale and its amendments, the sole responsibility of the defendant and a condition of closing. By letter dated July 12, 2005, the defendant cancelled the contract on the basis that the plaintiff failed to obtain subdivision ap-

proval by the stated date. The plaintiff then commenced this action, inter alia, for specific performance. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint, finding that the plaintiff's submissions in opposition were sufficient to raise triable issues of fact.

An examination of the contract and its amendments reveals that the parties intended to afford the defendant the right to cancel the contract if the subdivision approval could not be obtained before a stated date. Triable issues of fact exist, however, as to whether the defendant waived performance within the time period originally fixed and essentially granted the plaintiff an indeterminate extension of time (see *Caledonia Constr. Corp. v Dastgir*, 13 AD3d 570, 571 [2004]).

The defendant's remaining contentions are without merit. Rivera, J.P., Florio, Eng and Leventhal, JJ., concur. [*See* 21 Misc 3d 1121(A), 2008 NY Slip Op 52115(U).]