Plaintiffs may not attempt to relitigate their claims that were already resolved in mediation. Instead, their remedy is to enforce the Settlement Agreement. Consequently, Counts I, II, III, and IV are dismissed.
b. Count VIII
Plaintiffs seek declaratory judgment that they may proceed with Counts I, II, III, and IV in court as a class rather than *197 individually in arbitration. This Court has already upheld the arbitration agreement. See Pazol , 100 F. Supp. 3d 74. As have Massachusetts courts. See Pazol , 93 Mass. App. Ct. 1109, 103 N.E.3d 1237. As noted above, because there is no evidence that Tough Mudder pursued mediation in bad faith, there is no need to reexamine whether the arbitration agreement is enforceable.
c. Count VII
Massachusetts law protects consumers from "unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws ch. 93A, § 2. Plaintiffs argue that Tough Mudder's conduct during and after mediation, coupled with its failure to pay the settlement agreement, constitutes a violation of Chapter 93A.
"What constitutes an unfair or deceptive practice requires an individualized, fact-specific inquiry. Woods v. Wells Fargo Bank, N.A. , 733 F.3d 349, 358 (1st Cir. 2013) (internal quotation marks omitted). Typically, however, a plaintiff must demonstrate "something beyond a mere good faith dispute, failure to pay, or simply breach of contract." Id. ; see also City of Beverly v. Bass River Golf Management, Inc. , 92 Mass.App.Ct. 595, 606, 93 N.E.3d 852 (2018) ("[M]ere breach of contract, without more, does not amount to a violation of G. L. c. 93A."). For instance, "conduct in disregard of known contractual arrangements and intended to secure benefits for the breaching party constitutes an unfair act or practice for c. 93A purposes." Anthony's Pier Four, Inc. v. HBC Assocs. , 411 Mass. 451, 474, 583 N.E.2d 806 (1991) (internal quotation marks omitted); see also Zabin v. Picciotto , 73 Mass.App.Ct. 141, 169, 896 N.E.2d 937 (2008) ("Only when the breaching party uses its failure to make payments as a wedge against the other party to gain advantages does the breaching party's conduct rise to the level of an unfair trade practice under G.L. c. 93A."); Atkinson v. Rosenthal , 33 Mass.App.Ct. 219, 670-71, 598 N.E.2d 666 (1992) (noting that 93A claims may lie where a party "use[s] of a breach of contract as a lever to obtain advantage for the party committing the breach in relation to the other party; i.e., the breach of contract has an extortionate quality that gives it the rancid flavor of unfairness. In the absence of conduct having that quality, a failure to perform obligations under a [contract], even though deliberate and for reasons of self-interest , does not present an occasion for invocation of c. 93A remedies." (emphasis added) (citation omitted)). Thus, "[c]ourts must consider whether the nature, purpose, and effect of the challenged conduct is coercive or extortionate." Diamond Crystal Brands, Inc. v. Backleaf, LLC , 60 Mass.App.Ct. 502, 507, 803 N.E.2d 744 (2004).
Plaintiffs have alleged no facts from which the Court can infer that Tough Mudder's breach had the requisite extortionate quality to give rise to a Chapter 93A claim. Instead, after the breach, Tough Mudder offered to pay the settlement amount plus statutory interest, which is the appropriate remedy here.[3]
*198 2. Plaintiff's Motion
a. Count V
As noted above, the parties agree that Tough Mudder breached the settlement agreement by failing to pay by November 26, 2018. Plaintiffs argue that this breach was material and entitles them to rescission of the agreement. See Lease-It, Inc. v. Mass. Port Auth. , 33 Mass.App.Ct. 391, 396, 600 N.E.2d 599 (1992) ( [O]nly a material breach of a contract ... justifies a party thereto in rescinding it." (quoting 6 Williston, Contracts § 829 (3d ed. 1962))).
Tough Mudder contends that the breach was not material. The Court agrees. "A material breach of an agreement occurs when there is a breach of 'an essential and inducing feature of the contract[ ].' " Id. (quoting Bucholz v. Green Bros. Co. , 272 Mass. 49, 52, 172 N.E. 101 (1930) ). Under Massachusetts law, "Parties have a right to make a stated time for performance the essence of a contract." Porter v. Harrington , 262 Mass. 203, 207, 159 N.E. 530 (1928) ; see also Davis v. Dawson, Inc., 15 F. Supp. 2d 64, 119 (D. Mass. 1998) ("Parties to an agreement can ... insert a time is of the essence clause into an agreement and thereby make performance at the specified time essential to one's right to require performance of the other party." (internal quotation marks omitted)); Owen v. Kessler , 56 Mass.App.Ct. 466, 469, 778 N.E.2d 953 (2002) ("Under Massachusetts law, parties will be held to the deadlines they have imposed upon themselves when they agree in writing that time is to be of the essence."). Cf. Lou v. Main Street Associates , 212 A.D.2d 675, 675, 622 N.Y.S.2d 761 (1995) ("Delay in performance of a contract where time is not of the essence is not a material breach on which to base the equitable remedy of rescission.").
Because there was no time is of the essence clause in the settlement agreement, Tough Mudder's brief delay is not a material breach that warrants rescission. Indeed, shortly after that breach on January 10, 2019, Tough Mudder offered to pay Plaintiffs the settlement amount in addition to interest and mediation costs. Plaintiffs settled their claims with Tough Mudder. Although Plaintiffs may now regret that settlement, this Court will not permit them to relitigate their claims.
Conclusion
For the reasons stated above, Tough Mudder's motion (Docket No. 18) is granted. Further, Plaintiffs' motion for summary judgment (Docket No. 25) is also granted. Because there was no material breach of the settlement agreement, however, Plaintiffs are not entitled to the equitable remedy of rescission. Instead, the proper remedy is the agreed upon $ 225,000 plus interest.
SO ORDERED

In addition, Count VII fails because Chapter 93A includes a pre-suit notice provision which requires that "[a]t least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered" be sent to the respondent. Mass. Gen. Laws ch. 93A, § 9(3) ; see also Entrialgo v. Twin City Dodge, Inc. , 368 Mass. 812, 812, 333 N.E.2d 202 (1975) ("A demand letter listing the specific deceptive practices is a prerequisite to suit ...."). Plaintiffs are exempt from this prerequisite only if "the prospective respondent does not maintain a place of business or does not keep assets within [Massachusetts]." Mass. Gen. Laws ch. 93A, § 9(3). Tough Mudder does maintain a place of business in Massachusetts. See Docket No. 1-1 ¶¶ 5-6. In addition, Plaintiffs served their demand letter on January 2, 2019. Therefore, Plaintiffs were required to wait until February 1, 2019 before filing Count VII. Instead, On January 7, 2019, Plaintiffs amended their complaint in Superior Court to include Count VII.