■ Robert Bass, Respondent, v Stephen Sevits, Appellant, and Stern Realty, Inc., Respondent. — Appeal from an order of the County Court of Schenectady County, entered December 18, 1979, which affirmed judgments of the City Court of the City of Schenectady in favor of the plaintiff Robert Bass

against the defendant Stephen Sevits, and in favor of the defendant Stern Realty, Inc., on its cross claim against the defendant Stephen Sevits. The plaintiff contracted with the defendant Sevits to purchase property that this defendant owned at 834 Union Street in the City of Schenectady. The contract was conditioned upon the plaintiff's obtaining a conventional mortgage in order to finance the purchase. When the plaintiff applied for the mortgage to the Pioneer Savings Bank, he was given the mortgage commitment provided certain repairs were made to the premises, the necessity for which, the trial evidence revealed, was acknowledged by the defendant at the time of the contract. The defendant refused, however, to sign a prepared addendum which would have extended the closing date and permitted the plaintiff to make the repairs at his own expense. The plaintiff commenced an action in the City Court of Schenectady (Small Claims Part) for the costs incurred in purchasing the supplies necessary for the repairs after the defendant denied the plaintiff access to the premises to make them. Action was also brought against Stern Realty, Inc., to recover the $500 deposit given by the plaintiff on the signing of the contract. Stern Realty cross-claimed against the defendant for the brokerage commission it claimed it had earned and the action was transferred to the regular term of the City Court. Following trial, without a jury, the City Court granted judgment in favor of the plaintiff against the defendant Sevits for $96, the cost of the supplies, upon a finding that the defendant Sevits had, by his own acts, prevented the plaintiff's compliance with the mortgage condition of the contract. The trial court further granted judgment in favor of the plaintiff against the defendant Stern Realty, Inc., for the $500 deposit, and in favor of the defendant Stern Realty, Inc., for $2,034 against the defendant Sevits on its cross claim for brokerage commission. The defendant Sevits' appeal of these judgments to the County Court of Schenectady County resulted in an affirmance. Pursuant to CPLR 5703 (subd [b]), the defendant further appeals to this court. Inherent in the determination of the trial court is a finding that the defendant Sevits, by his own conduct, prevented performance by the plaintiff of the condition of the contract that the plaintiff obtain a conventional mortgage. Every contract implies that neither party will do anything to prevent performance by the other party (*Patterson v Meyerhoffer,* 204 NY 96, 100), and a party who violates this rule, which is founded in fair dealing, may not rely on such failure to excuse his own nonperformance (*Matter of Heyliger [Tune-Time Fashions],* 39 AD 698). The plaintiff, having shown that he was ready, willing and able to perform the contract and was prevented only by the refusal of the defendant Sevits to allow plaintiff access to the premises, was properly allowed the damages he incurred in his effort to fulfill the contractual condition. The rule extends to the brokerage contract as well. The transaction was terminated by the defendant Sevits' failure to permit the plaintiff to perform the repairs necessary to obtain the required mortgage, and the defendant Stern Realty, Inc., demonstrated that it had produced a buyer ready, willing and able to purchase, on terms and conditions agreeable to the seller. The commission of Stern Realty, Inc., therefore, was earned (*Trylon Realty Corp. v Di Martini,* 34 NY2d 899). Accordingly, the order appealed from should be affirmed. Order affirmed, with costs to defendant Stern Realty, Inc. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.