■ STANLEY SULTAN, Respondent, v VIRGINIA PAYSON, Appellant. [686 NYS2d 804] —In an action to recover damages based on an alleged violation of an oral promise to provide health insurance, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated December

23, 1997, as denied those branches of her cross motion which were for summary judgment dismissing the plaintiff's first cause of action and to impose sanctions.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the defendant's cross motion which was for summary judgment dismissing the plaintiff's first cause of action and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

The first cause of action is based on allegations that the plaintiff incurred $300,000 in medical bills for which he had no health insurance, because of the defendant's alleged breach of her promise to provide such insurance to him in connection with his employment. In support of her cross motion, the defendant made a prima facie showing that the plaintiff had in fact been found eligible for, and had received, Medicaid benefits in connection with the medical treatment furnished to him. The plaintiff, in response to the cross motion, failed to produce admissible evidence that he had been legally required to pay any amount of money to cover any of the medical expenses he had incurred. Thus, any supposed failure to provide medical insurance to the plaintiff resulted in no actual monetary damages in connection with the medical expenses upon which the first cause of action is based. Since the plaintiff does not request nominal damages (cf., Kronos, Inc. v AVX Corp., 81 NY2d 90), summary judgment dismissing the first cause of action is warranted.

Under all of the circumstances presented in this case, the Supreme Court did not improvidently exercise its discretion in failing to impose sanctions on the plaintiff. Bracken, J. P., Sullivan, Altman and Friedmann, JJ., concur.