SECOND DEPARTMENT, NOVEMBER, 2004

(November 1, 2004)

■ BAYBERRY REALTIES, Appellant, v EASTERN BAPTIST ASSOCIATION OF NEW YORK, INC., Respondent, et al., Defendant. [786 NYS2d 523]—

In an action, inter alia, to enforce the covenants and restrictions in a deed to certain property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated August 19, 2003, which denied its motion, among other things, to compel an escrow agent to transfer a deed to the subject premises conveying title from the defendant Eastern Baptist Association of New York, Inc., to the defendant First Church of God In Christ of Great Neck New York, Inc.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing and new determination in accordance herewith.

The plaintiff conveyed the subject premises to the respondent for charitable purposes subject to certain covenants and restrictions. A prior dispute concerning the respondent's compliance with the covenants and restrictions was settled by a stipulation of settlement. At issue is whether the respondent complied with

the terms of the stipulation of settlement which was modified by a stipulation on the record in open court on June 17, 2002.

Pursuant to the terms of the stipulation of settlement, the respondent was obligated to exercise "[c]ontinuous bona fide good faith attempts at full compliance with the covenants and restrictions." The respondent was required to maintain the subject property in "good operating condition" for the period from 2001 through 2003. Pursuant to the modification dated June 17, 2002, the season "shall begin on or about March 15th of each year through December 24th of each year" when "feasible to do so; the word feasible meaning that the ferry service is in operation" to Fire Island where the subject premises is located. The respondent was required to "insure the premises for flood [damage]" and for replacement loss in case of fire.

By notice of motion dated April 21, 2003, the plaintiff moved to compel an escrow agent to transfer a deed to the subject premises conveying title from the respondent to a codefendant on the ground that the respondent failed to comply with terms of the stipulation by its failure (1) to use the premises from September 30, 2002, until May 17, 2003, when the first scheduled event of the 2003 season was planned, (2) to pay taxes due to the Town of Islip in 2002, (3) to submit proof of a real estate tax exemption, (4) to perform repairs, and (5) to submit proof of adequate insurance. In a prior order dated February 27, 2003, the Supreme Court denied the plaintiff's motion for the same relief on the grounds that the respondent "has submitted proof that the real property taxes for the past year have now been paid," the respondent "made necessary repairs," events had been held at the facility, and respondent obtained counsel to secure a real estate tax exemption. This Court affirmed that order (see *Bayberry Realties v Eastern Baptist Assn. of N.Y.,* 1 AD3d 472 [2003]).

In the order appealed from, dated August 19, 2003, the Supreme Court denied the motion on the grounds that the respondent "obtained tax-exempt status for the property, produced a copy of the policy of insurance, and submitted a schedule of events which were scheduled to take place from May 17, 2003 forward."

We decline to revisit the issue of whether real estate taxes were paid since that issue was determined on the prior appeal. We further note that there is proof in the instant record that the respondent secured a real estate tax exemption for the tax year beginning June 1, 2003.

However, the respondent acknowledges in its brief that it submitted "a copy of the insurance policy for the property, albeit

without flood coverage" (emphasis deleted), although the respondent's insurance broker provided it with a quote for flood insurance. The terms of the stipulation required the respondent to secure flood insurance.

It is also unclear whether the respondent performed "necessary repairs." The prior order dated February 27, 2003, dealt with repairs performed during 2002. The present dispute concerns repair problems that arose in 2003. Although the prior order appealed from dated February 27, 2003, held that necessary repairs had been done, there is no evidence in the record on this appeal other than conclusory assertions that the respondent performed necessary repairs subsequent to that date. Further, it is undisputed that the respondent's first event in 2003 was on May 17, 2003, and it had only scheduled events through October 11, 2003. There is no evidence in the record that the respondent used bona fide good faith efforts to schedule events from March 15 through December 24, 2003, although ferry service was in operation year-round and weather conditions caused cancellations only in January and February 2003.

Accordingly, the matter is remitted to the Supreme Court, Suffolk County, for a hearing on whether the respondent exercised "[c]ontinuous bona fide good faith attempts at full compliance" with the requirements that it secure adequate insurance, make necessary repairs, and use the premises in accordance with the terms of the stipulation, and for a new determination. Ritter, J.P., Goldstein, Adams and Crane, JJ., concur.