■ NALINI SINGH, Appellant, v SEAN CARRINGTON, Respondent. [796 NYS2d 668]—

In an action, inter alia, to rescind a contract dated September 23, 2002, and to set aside a deed dated April 5, 2002, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Weiner, J.), dated July 22, 2004, which granted the defendant's motion for summary judgment dismissing the complaint and for summary judgment on his counterclaim for specific performance, and denied her cross motion for summary judgment on her first and third causes of action, and (2) a judgment of the same court dated August 12, 2004, which is in favor

of the defendant on his counterclaim and against her, dismissed the complaint, and, among other things, directed her to execute a deed transferring her interest in the subject real property to the defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

A rider to the contract entered into between the parties on September 23, 2002, required the defendant to (1) make an initial payment to the plaintiff's attorney in the sum of $22,700, which was then to be held in escrow pending "consummation of [the] transaction," (2) pay an additional sum of $59,489 "at transferring of the Deed," and (3) either assume, or to "finance . . . in any other manner" an existing mortgage loan in connection with which the plaintiff was the sole debtor. The plaintiff was required to transfer a deed reflecting her one-half interest in the subject property to the defendant. The contract stated that the parties "anticipated" that the "closing" would take place on or before December 31, 2002, but time was not made "of the essence."

In support of his motion for summary judgment dismissing the complaint and granting summary judgment on his counterclaim, the defendant made a prima facie showing that he complied with all of his contractual obligations. In fact, the defendant demonstrated that he complied with some of these obligations before he was obligated to, considering that no closing ever took place, that the plaintiff never conveyed anything to him, and that he nevertheless not only paid the plaintiff the sum of $59,489, but caused the existing loan to be paid off. The defendant did not succeed in causing the plaintiff's debt under the existing mortgage to be extinguished before the date the parties had anticipated owing to the plaintiffs' lack of cooperation (see Walsh v Kelly, 49 NY2d 959, 961 [1980]; Amies v Wesnofske, 255 NY 156, 162 [1931] ["(i)f a promissor himself is the cause of the failure of performance of a condition upon which his own liability depends, he cannot take advantage of the failure"]; Bass v Sevits, 78 AD2d 926, 927 [1980]). Nevertheless, the defendant made all of the payments on that

mortgage, and there is no proof that the plaintiff was in any way damaged by the delay. The plaintiff admits that she caused the funds that were being held in escrow to be released to her.

"Delay in performance of a contract where time is not of the essence is not a material breach on which to base the equitable remedy of rescission" (*Luo v Main St. Assoc.*, 212 AD2d 675 [1995], citing *Chung-Li Chou v Main St. Assoc.* 208 AD2d 670 [1994]). In any event, the plaintiff's complaint, to the extent it seeks rescission of the contract, is without merit. Rescission is not appropriate where, as here, the status quo cannot be "substantially restored" (*Rudman v Cowles Communications*, 30 NY2d 1, 14 [1972]; *see Kamerman v Curtis*, 285 NY 221 [1941]; *Marshall v Alaliewie*, 304 AD2d 1026 [2003]; *Sokolow, Dunaud, Mercadier & Carreras v Lacher*, 299 AD2d 64, 71 [2002]; *Fink v Friedman*, 78 Misc 2d 429 [1974]).

The appellant's remaining contentions are without merit. H. Miller, J.P., Krausman, Crane and Fisher, JJ., concur.