■ BAYBERRY REALTIES, Appellant, v EASTERN BAPTIST ASSOCIATION OF NEW YORK, INC., Respondent, et al., Defendant. [812 NYS2d 875]—

In an action, inter alia, to enforce the covenants and restrictions in a deed to certain property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated October 13, 2004, which denied its motion, among other things, to compel an escrow agent to transfer a deed to the subject premises conveying title from the defendant Eastern Baptist Association of New York, Inc., to the defendant First Church of God in Christ of Great Neck New York, Inc.

Ordered that the order is reversed, on the law, with costs, and

the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith, to be held with all convenient speed, and a new determination of the motion thereafter.

The history of this matter, which comes before us for the third time, has been detailed in this Court's prior decisions (*see Bayberry Realties v Eastern Baptist Assn. of N.Y.,* 12 AD3d 335 [2004]; *Bayberry Realties v Eastern Baptist Assn. of N.Y.,* 1 AD3d 472 [2003]). At issue here is whether the respondent, during the period from May 17, 2003 through June 15, 2004 and thereafter, complied with the terms of a stipulation of settlement, as modified by a stipulation on the record in open court on June 17, 2002 (hereinafter the stipulation). Pursuant to the stipulation, the respondent was obligated to exercise "continuous bona fide good faith attempts at full compliance with the covenants and restrictions."

It is unclear from the record whether the respondent complied with the terms of the stipulation during the relevant time period. Specifically, there is a question regarding its efforts to maintain the premises as it cannot be determined whether the invoices it submitted for various services performed relate to repairs of maintenance problems set forth in an inspector's report dated November 4, 2003. Further, there is no evidence of whether the respondent procured any insurance between October 30, 2003 and July 15, 2004, and of whether it had flood insurance coverage from May 17, 2003 to July 15, 2004. Finally, there is no evidence that the respondent scheduled events from March 15, 2004 through December 24, 2004, despite the general availability of ferry service, in accordance with the terms of the stipulation.

Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a hearing to be held with all convenient speed, on whether the respondent exercised "continuous bona fide good faith attempts at full compliance" with the requirements that it make necessary repairs, secure adequate insurance, and use the subject premises in accordance with the terms of the stipulation, and for a new determination of the motion thereafter. Adams, J.P., Ritter, Mastro and Skelos, JJ., concur.