■ WILLOUGHBY REHABILITATION AND HEALTH CARE CENTER, LLC, et al., Respondents, et al., Plaintiffs, v HELEN WEBSTER, Appellant. [849 NYS2d 887]—In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), dated October 26, 2006, as denied those branches of her motion which were for summary judgment dismissing the first, second, fourth, fifth, and twenty-third through twenty-sixth causes of action and, in effect, denied those branches of her motion which were for summary judgment on her counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2004 the plaintiffs, consisting of nine limited liability companies and one corporation which operate skilled nursing home facilities in the New York metropolitan area, commenced this action against the defendant Helen Webster (hereinafter the defendant). They sought to recover damages for the defendant's alleged breach of their operating agreements and for her alleged breach of fiduciary duty in failing to execute certain financial documents and to contribute her proportionate share of additional capital. Four of the plaintiffs, Nassau Operating Co., LLC, Park Avenue Operating Co., LLC, Townhouse Operating Co., LLC, and Throgs Neck Operating Co., LLC, subsequently withdrew their claims against the defendant because she had no membership interest in them. As for the six remaining plaintiffs, the defendant is a member of the five limited liability companies and a minority shareholder, officer, and director of the corporation. Three of the limited liability companies of which the defendant is a member, Willoughby Rehabilitation and Health Care Center, LLC, Golden Gate Rehabilitation & Health Care Center, LLC, and Eastchester Rehabilitation & Health Care Center, LLC, also withdrew their causes of action against the defendant. The defendant moved, inter

alia, for summary judgment dismissing the remaining causes of action. She appeals from the order denying that motion. We affirm.

The Supreme Court correctly determined that the defendant failed to establish her prima facie entitlement to summary judgment as a matter of law dismissing the first, second, and fifth causes of action (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). While the defendant established her prima facie entitlement to summary judgment dismissing the fourth, twenty-third, twenty-fourth, twenty-fifth, and twenty-sixth causes of action, in opposition, the plaintiffs raised triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The Supreme Court properly denied summary judgment to the defendant on her counterclaims. Resolution of the counterclaims requires a determination of the same issues of fact presented by the plaintiffs' complaint (*see SHS Baisley, LLC v Res Land, Inc.*, 18 AD3d 727, 728 [2005]).

The defendant's remaining contentions are without merit. Crane, J.P., Goldstein, Florio and Dillon, JJ., concur.