# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1185**
**CA 11-01026**
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

ZOLADZ CONSTRUCTION CO., INC.,
PLAINTIFF-APPELLANT,

V                                                MEMORANDUM AND ORDER

COUNTY OF ERIE, DEFENDANT-RESPONDENT.

---

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

JEREMY A. COLBY, COUNTY ATTORNEY, BUFFALO (ANTHONY G. MARECKI OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered July 27, 2010 in a breach of contract action. The order granted the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, damages for defendant's alleged breach of the agreement governing the processing and disposal of debris from trees damaged as a result of a severe snow storm that occurred in Erie County in October, 2006. The debris was transported to a site where it was processed by plaintiff. Contrary to plaintiff's contention, Supreme Court properly determined that the agreement is not ambiguous. We therefore conclude that the court properly granted defendant's motion seeking summary judgment dismissing the complaint.

Pursuant to the agreement, plaintiff was to provide three categories of services: bulk green waste/general site management at $2.00 per cubic yard, chip and grinding disposal management at $1.50 per cubic yard, and green waste debris grinding at $3.00 per cubic yard. The agreement provides that the bulk green waste, the chip and grinding material and the green waste debris were to be removed from the site within six months of the execution of the agreement and that the failure to do so would result in a charge of $10,000 per month.

" '[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms' " (*Reiss v Financial Performance Corp.*, 97 NY2d 195, 198, quoting *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162). Plaintiff

contends that the agreement is ambiguous inasmuch as it fails to identify the party responsible for the costs associated with the removal of the processed material from the site to end-users. Contrary to plaintiff's contention, an omission " 'does not constitute an ambiguity . . . [T]he question of whether an ambiguity exists must be ascertained from the face of an agreement without regard to extrinsic evidence' " (*id.* at 199), and we conclude that no ambiguity may be ascertained from the face of the agreement.

Even assuming, arguendo, that the agreement is ambiguous because it fails to identify the party responsible for costs associated with removing the processed material from the site, we conclude that the extrinsic evidence establishes that defendant was not responsible for the removal costs in question.  In support of its motion, defendant demonstrated that, before the agreement was signed, plaintiff had offered to dispose of the processed material at no cost to defendant.  Indeed, defendant submitted the deposition testimony of plaintiff's in-house counsel in which he testified that he sought to amend the agreement to include additional payment for the costs associated with the disposal of the processed material because the potential end-users would not pay for the material and wanted it delivered for free.  Thus, we conclude that defendant established its entitlement to judgment as a matter of law and that plaintiff failed to raise a triable issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court