assistant may, inter alia, "assist the inmate in obtaining documentary evidence or written statements which may be necessary." (7 NYCRR 251-4.2.) Even assuming, arguendo, that the assistant could and should have obtained the documents requested by petitioner, we conclude that petitioner was not prejudiced thereby. At the hearing, the Hearing Officer provided petitioner with "all of the documents he requested, save those that did not exist or were irrelevant to the charged misbehavior" (*Matter of Parkinson v Selsky*, 49 AD3d 985, 986 [2008]). Although petitioner asserts that he could have shown that the signature on one of the documents was forged if it had been provided to him sooner, there is no evidence to support his allegation of forgery. Finally, we reject petitioner's remaining contention that he was not provided with advance notice of the charges against him and that he was thus denied a fair hearing on that basis. The record establishes that petitioner knew well before the hearing that he was alleged to have possessed alcohol, and he had ample opportunity to prepare his defense. Present—Peradotto, J.P., Carni, Lindley, Sconiers and Green, JJ.

KURT A. WIEDENHAUPT, Respondent, v PAUL F. HOGAN, JR., Appellant. (Appeal No. 1.) [932 NYS2d 750]—

Same memorandum as in *Wiedenhaupt v Hogan* (89 AD3d 1525 [2011]). Present—Peradotto, J.P., Carni, Lindley, Sconiers and Green, JJ.

KURT A. WIEDENHAUPT, Respondent, v PAUL F. HOGAN, JR., Appellant. (Appeal No. 2.) [932 NYS2d 751]—

Memorandum: In appeal No. 1, defendant appeals from an order granting plaintiff's motion for summary judgment in lieu of complaint based upon an instrument for the payment of money only (*see* CPLR 3213), and in appeal No. 2 he appeals from the judgment entered thereon. In appeal No. 3, he appeals from an