# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1166**
**CA 11-00071**
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

KURT A. WIEDENHAUPT, PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

PAUL F. HOGAN, JR., DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, BUFFALO (JAMES W. GRESENS OF
COUNSEL), FOR DEFENDANT-APPELLANT.

JAECKLE FLEISCHMANN & MUGEL, LLP, BUFFALO (HEATH J. SZYMCZAK OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County
(Frederick J. Marshall, J.), entered October 1, 2010.  The judgment
awarded plaintiff the sum of $391,855 against defendant.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  In appeal No. 1, defendant appeals from an order
granting plaintiff's motion for summary judgment in lieu of complaint
based upon an instrument for the payment of money only (*see* CPLR
3213), and in appeal No. 2 he appeals from the judgment entered
thereon.  In appeal No. 3, he appeals from an order entered following
the entry of the judgment in appeal No. 2 that granted his motion for
leave to reargue and, upon reargument, adhered to the prior decision
granting plaintiff's motion for summary judgment in lieu of complaint.
We note at the outset that appeal No. 1 must be dismissed inasmuch as
the order granting plaintiff's motion for summary judgment in lieu of
complaint is subsumed in the final judgment in appeal No. 2 (*see*
*Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988).  Likewise, appeal
No. 3 must be dismissed inasmuch as it is taken from the subsequent
order granting defendant's motion for leave to reargue and, upon
reargument, adhering to Supreme Court's original decision.  Thus, the
order in appeal No. 3 is also subsumed in the final judgment in appeal
No. 2 (*see Huther v Sickler*, 21 AD3d 1303).

We reject defendant's contention that the court erred in granting
plaintiff's motion.  Plaintiff met his initial burden by submitting
the demand note along with evidence of defendant's default (*see*
*Counsel Fin. Servs., LLC v David McQuade Leibowitz, P.C.*, 67 AD3d
1483, 1484; *LaMar v Vasile* [appeal No. 4], 49 AD3d 1218).  In
opposition to plaintiff's motion, defendant failed to " 'prove the

existence of a triable issue of fact in the form of a bona fide defense against the note to defeat [the] motion' " (*Ring v Jones*, 13 AD3d 1078, 1078).  Contrary to defendant's contention, summary judgment on the note was not precluded by a separate consulting agreement that contained a broad arbitration provision (*see generally Haselnuss v Delta Testing Labs.*, 249 AD2d 509, 510, *lv denied* 92 NY2d 815).  Indeed, any disputes concerning the propriety of payments made to plaintiff pursuant to the consulting agreement are properly subject to arbitration, pursuant to that consulting agreement.

Entered:  November 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court