# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1465**
**CA 12-00975**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND MARTOCHE, JJ.

---

MICHAEL A. WOLFSON, M.D., INDIVIDUALLY AND
DOING BUSINESS AS "SYRACUSE OCCUPATIONAL
MEDICINE AND ENVIRONMENTAL MEDICINE
CONSULTANTS," PLAINTIFF-RESPONDENT-APPELLANT,

V                                                  MEMORANDUM AND ORDER

FARACI LANGE, LLP,
DEFENDANT-APPELLANT-RESPONDENT.

---

FARACI LANGE, LLP, ROCHESTER (RAUL E. MARTINEZ OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT.

MELVIN & MELVIN, PLLC, SYRACUSE (LOUIS LEVINE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered December 22, 2011. The order denied the motion of defendant for summary judgment and denied the cross motion of plaintiff for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the cross motion and as modified the order is affirmed without costs.

Memorandum: Plaintiff, a consultant in the field of occupational and environmental medicine, entered into a written agreement with defendant, a law firm, to provide medical consulting services at a rate of $325 per hour on two toxic tort cases. Over the course of their lengthy relationship, defendant paid plaintiff a total of $28,000 in three "retainer" installments. After one of those cases settled, plaintiff sent defendant itemized invoices for services rendered on both cases totaling an additional $48,727.50, which remain unpaid. Plaintiff thereafter commenced this action for breach of contract.

Both parties contend that the agreement is clear and unambiguous. Plaintiff contends that the "retainer" payments merely secured the full amount of his compensation for the services that he rendered in both cases, without regard to whether those services were rendered before or after the date of each payment. In contrast, defendant contends, inter alia, that each "retainer" payment constituted payment-in-full for all services provided by plaintiff up to the date thereof, and that it therefore does not owe plaintiff any further

sums.  Defendant moved and plaintiff cross-moved for summary judgment based upon the foregoing contentions.  Supreme Court, concluding that there were triable issues of fact with respect to whether the "retainers" paid by defendant were intended to constitute payment-in-full for plaintiff's services, denied the motion and the cross motion. Defendant appeals and plaintiff cross appeals.

We conclude that, notwithstanding the assertions of the parties to the contrary, the court properly determined that the agreement was ambiguous with respect to the intended purposes of the "retainer" payments (*see generally Sally v Sally*, 225 AD2d 816, 817-818). Plaintiff, however, presented extrinsic evidence in admissible form establishing that the parties intended to treat the "retainer" payments as security for defendant's entire obligation under the agreement, and not as payment-in-full for all services that plaintiff had provided up to the date of each respective payment, whether invoiced or not (*see generally Zoladz Constr. Co., Inc. v County of Erie*, 89 AD3d 1459, 1460-1461).  We note in that regard that the course of the parties' performance with respect to the timing and frequency of the "retainer" payments and the issuance of invoices in connection therewith may constitute extrinsic evidence of their intent in relation to any ambiguity in the agreement on those issues. Contrary to defendant's contention, however, such a course of performance does not itself constitute probative extrinsic evidence of the parties' intentions in relation to the dispositive issue before the court, namely, the manner in which plaintiff would earn his fees and the method by which they would be calculated.  Thus, we conclude that plaintiff established his entitlement to judgment as a matter of law and that defendant failed to raise a triable issue of fact sufficient to defeat his cross motion for summary judgment (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  We therefore modify the order accordingly.

Finally, we conclude, as a matter of law, that any alleged failure by plaintiff to submit invoices within a reasonable period of time was not a material breach of the agreement that relieved defendant of its obligation to pay for plaintiff's services (*see generally Grace v Nappa*, 46 NY2d 560, 567, *rearg denied* 47 NY2d 952; *General Steel, Inc. v Delta Bldg. Syst., Inc.*, 297 Ga App 136, 141).

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court