■ WILLOUGHBY REHABILITATION AND HEALTH CARE CENTER, LLC, et al., Respondents, v HELEN WEBSTER, Appellant. [20 NYS3d 619]—

In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the defendant appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Schellace, Ct. Atty. Ref.), dated April 3, 2013, as granted that branch of the plaintiffs' motion which was to direct her to reimburse the plaintiff Willoughby Rehabilitation and Health Care Center, LLC, the sum of $2,016,718.22 pursuant to the parties' stipulation of settlement, and (2) from a judgment of the same court dated March 11, 2014, which is in favor of the plaintiff Willoughby Rehabilitation and Health Care Center, LLC, and against her in the sum of $2,016,718.22.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, that branch of the plaintiffs' motion which was to direct the defendant to reimburse the plaintiff Willoughby Rehabilitation and Health Care Center, LLC, the sum of $2,016,718.22 pursuant to the parties' stipulation of settlement is denied, and the order is modified accordingly; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Most of the facts relevant to this dispute are set forth in our decision and order in a companion case (*see Willoughby Rehabilitation & Health Care Ctr., LLC v Webster*, 134 AD3d 811 [2015] [decided herewith]).

The referee erred in granting that branch of the plaintiffs'

motion which was to direct the defendant to reimburse the plaintiff Willoughby Rehabilitation and Health Care Center, LLC (hereinafter Willoughby), the sum of $2,016,718.22 pursuant to a stipulation of settlement between the parties. When an agreement is in writing, the best evidence of what the parties intended is what they said in that writing (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). "Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*id.* at 569). In this case, the amount sought by Willoughby, $2,016,718.22, was part of a negative retroactive rate adjustment Willoughby paid to Medicaid. The plaintiffs argued that the defendant was required to repay this amount to Willoughby pursuant to paragraph 4 of the stipulation. However, the unambiguous language of that paragraph only requires the defendant to pay Willoughby a percentage of the amount due to Medicaid as a result of a particular Medicaid rate audit being conducted by the New York State Office of Medicaid Inspector General at the time the parties entered into the stipulation. Further, the plaintiffs failed to demonstrate that the negative rate adjustment sought by Medicaid was the result of the audit referred to in the stipulation. Rivera, J.P., Dillon, Chambers and LaSalle, JJ., concur.

Motion by the respondents on appeals from an order of the Supreme Court, Nassau County, dated April 3, 2013, and a judgment of the same court dated March 11, 2014, to strike pages 339-352 of the appellant's appendix and those portions of the appellant's brief that refer to those pages of the appendix on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated October 8, 2014, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is,

Ordered that the motion is granted, and pages 339-352 of the appellant's appendix and those portions of the appellant's brief that refer to those pages of the appendix are stricken and have not been considered on the appeals. Rivera, J.P., Dillon, Chambers and LaSalle, JJ., concur.