■ WILLOUGHBY REHABILITATION AND HEALTH CARE CENTER, LLC, et al., Respondents, v HELEN WEBSTER, Appellant. [22 NYS3d 81]—

In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the defendant appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Schellace, Ct. Atty. Ref.), dated September 11, 2012, as (a) denied those branches of her motion which sought reimbursement of certain sums paid by her and other individuals identified as the buyers in the parties' stipulation of settlement to purchase an interest in the Split Rock Rehabilitation and Health Care Center, LLC, and reimbursement for the assessment imposed by Public Health Law § 2807-d on gross receipts collected by certain facilities after she and the other buyers purchased membership interests in entities that owned those facilities, (b) granted those branches of the plaintiffs' motion which were to direct the buyers to reimburse the parties identified as sellers in the stipulation the sum of $1,065,564, representing assets excluded from the sale of the membership interests in New Franklin Rehabilitation and Health Care Facility, LLC, and Fort Tryon Rehabilitation and Health Care Facility, LLC, and to direct the buyers to pay the sellers the sum due on certain promissory notes given to the sellers as part of the sale price of Franklin Day Care Realty, LLC, (c) granted that branch of the plaintiffs' motion which was to direct the buyers to pay the sellers the balance of the purchase price due on the sale of the membership interests in New Franklin Rehabilitation and Health Care Facility, LLC, and Fort Tryon Rehabilitation and Health Care Facility, LLC, to the extent of rejecting the opinion of the defend-

ant's expert that certain swap agreements entered into by New Franklin Rehabilitation and Health Care Facility, LLC, and Fort Tryon Rehabilitation and Health Care Facility, LLC, were liabilities that should be subtracted from the balance due, and (d) sua sponte awarded the plaintiffs attorney's fees, and (2) from a judgment of the same court entered on October 31, 2013, which, upon the order, was in favor of the plaintiffs and against her in the principal sum of $2,415,564.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, those branches of the defendant's motion which sought reimbursement of certain sums paid by her and other individuals identified as the buyers in the parties' stipulation of settlement to purchase an interest in the Split Rock Rehabilitation and Health Care Center, LLC, and reimbursement for the assessment imposed by Public Health Law § 2807-d on gross receipts collected by certain facilities after she and the other buyers purchased membership interests in entities that owned those facilities are granted, and those branches of the plaintiffs' motion which were to direct the buyers to reimburse the parties identified as sellers in the stipulation the sum of $1,065,564, representing assets excluded from the sale of the membership interests in New Franklin Rehabilitation and Health Care Facility, LLC, and Fort Tryon Rehabilitation and Health Care Facility, LLC, to direct the buyers to pay the sellers the sum due on certain promissory notes given to the sellers as part of the sale price of Franklin Day Care Realty, LLC, and to direct the buyers to pay the sellers the balance of the purchase price due on the sale of the membership interests in New Franklin Rehabilitation and Health Care Facility, LLC, and Fort Tryon Rehabilitation and Health Care Facility, LLC, are denied, so much of the order as sua sponte awarded attorney's fees to the plaintiffs is vacated, and the order is modified accordingly; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]). In addition, the appeal from so much of the order as sua sponte awarded attorney's fees to the plaintiffs must be dismissed because no appeal lies as of right from an order that does not decide a motion made on notice, and we decline to grant leave to appeal from that portion of the order in view of the fact that a judgment has been entered in the action (see

*Hester v Hester*, 121 AD3d 645 [2014]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs include nine limited liability companies and one corporation that operate skilled nursing home facilities in the New York metropolitan area. In 2004, the plaintiffs commenced this action against the defendant to recover damages for her alleged breach of their operating agreements and her fiduciary duty in failing to execute certain financial documents and to contribute her proportionate share of additional capital (*see Willoughby Rehabilitation & Health Care Ctr., LLC v Webster*, 46 AD3d 801 [2007]). In April 2008, the parties entered into a complex so-ordered stipulation settling this action. As part of the settlement, the defendant and other individuals (hereinafter collectively the buyers) were to purchase interests in certain plaintiff entities and other entities from the sellers identified in the stipulation (hereinafter collectively the sellers). The various parties entered into a number of other agreements and stipulations outlining the terms of those transactions. Before and after the transactions occurred, numerous disputes arose, resulting in extensive motion practice. On March 25, 2009, the parties agreed to empower a court attorney referee (hereinafter the referee) pursuant to CPLR 4317 to hear any and all disputes that arose out of the stipulation. Although the motions at issue here were first returnable in March and June 2009, the referee did not issue the order appealed from until September 11, 2012, because he apparently spent almost three years attempting to mediate disputes regarding the parties' agreements.

The referee erred in denying that branch of the defendant's motion which sought reimbursement of certain sums paid by her and the buyers to purchase, inter alia, an interest in the Split Rock Rehabilitation and Health Care Center, LLC (hereinafter Split Rock). "As a general rule, rescission of a contract is permitted 'for such a breach as substantially defeats its purpose. It is not permitted for a slight, casual, or technical breach, but . . . only for such as are material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract' " (*RR Chester, LLC v Arlington Bldg. Corp.*, 22 AD3d 652, 654 [2005], quoting *Callanan v Keeseville, Ausable Chasm & Lake Champlain R.R. Co.*, 199 NY 268, 284 [1910]). " 'Delay in performance of a contract where time is not of the essence is not a material breach on which to base the equitable remedy of

rescission' " (*Singh v Carrington*, 18 AD3d 855, 857 [2005], quoting *Luo v Main St. Assoc.*, 212 AD2d 675, 675 [1995]). Here, the referee's finding, that the sellers were entitled to disregard that portion of the parties' agreements which stated that certain accounts receivable/accounts payable were excluded from the purchase price for Split Rock because the defendant had materially breached the contract by failing to remit certain funds totaling $162,776.26 to the sellers prior to the subject closing, is not supported by the record. Prior to the subject closing, a dispute arose as to whether the accounts receivable/accounts payable should be included in the sale price. On the day before the closing, the parties agreed that the closing would take place with the accounts receivable/accounts payable included in the purchase price, and the buyers would have a right to make a motion requesting that the court settle the dispute. The Supreme Court, upon a motion made by the plaintiffs, subsequently determined that the buyers owed the sellers $162,776.26 related to their purchase of New Franklin Rehabilitation and Health Care Facility, LLC (hereinafter New Franklin) and Fort Tryon Rehabilitation and Health Care Facility, LLC (hereinafter Fort Tryon). However, the court never issued an order directing the buyers to pay the sellers that amount, and the parties entered into a so-ordered stipulation settling the underlying motion more than two years before the court declared that the buyers' failure to timely pay the sellers the $162,776.26 was a material breach of the parties' agreements. Accordingly, the buyers' failure to timely pay the $162,776.26 to the sellers was not a material breach, as it did not substantially defeat the purpose of the parties' agreements (*see Singh v Carrington*, 18 AD3d at 856-857).

The referee erred in denying that branch of the defendant's motion which sought reimbursement for the assessment imposed by Public Health Law § 2807-d on gross receipts collected by certain facilities after the buyers purchased membership interests in entities owning those facilities. The referee improperly found that, because the parties' agreements only required indemnification for taxes, the sellers were not obligated to indemnify the buyers for the assessment. The assessment imposed on certain health care facilities by Public Health Law § 2807-d is generally considered a gross receipts tax (*see Port Jefferson Health Care Facility v Wing*, 94 NY2d 284, 287-288 [1999]; *Concourse Rehabilitation & Nursing Ctr., Inc. v Novello*, 80 AD3d 507 [2011]). Consequently, pursuant to the indemnification agreements between the parties, any such assessment arising out of the operation of the facilities at issue prior to the closing date is an obligation of the sellers.

The referee erred in granting that branch of the plaintiffs' motion which was to direct the buyers to reimburse the sellers the sum of $1,065,564, representing assets excluded from the sale of the membership interests in New Franklin and Fort Tryon. The referee's summary determination of that branch of the plaintiffs' motion was inappropriate, as the parties adduced conflicting expert opinions on the issue (*see generally Feinberg v Feit*, 23 AD3d 517, 519 [2005]). Such conflicting expert opinions raised credibility issues which can only be resolved by a fact-finder after a hearing (*see DiGeronimo v Fuchs*, 101 AD3d 933 [2012]).

Similarly, the referee erred in granting that branch of the plaintiffs' motion which was to direct the buyers to pay the sellers the balance of the purchase price due on the sale of the membership interests in New Franklin and Fort Tryon to the extent of rejecting the opinion of the defendant's expert that certain swap agreements entered into by New Franklin and Fort Tryon were liabilities that should be subtracted from the balance due. The court rejected the opinion of the defendant's expert based on a credibility determination improperly made without a hearing.

The referee erred in granting that branch of the plaintiffs' motion which was to direct the buyers to pay the sellers the sum due on certain promissory notes given to the sellers as part of the sale price of Franklin Day Care Realty, LLC (hereinafter Franklin Day Care). "[A] condition precedent is 'an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises' " (*MHR Capital Partners LP v Presstek, Inc.*, 12 NY3d 640, 645 [2009], quoting *Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690 [1995]). However, a claim of breach cannot be defeated by a party who relies on a condition precedent which his or her own nonperformance has prevented from occurring (*see Graff v Billet*, 101 AD2d 355, 356 [1984], *affd* 64 NY2d 899 [1985]). Here, according to the agreements between the parties, a condition precedent to the promissory notes at issue becoming due was the purchase of a condominium unit by Franklin Day Care, an affiliate of New Franklin. Since Franklin Day Care has not yet purchased the condominium unit and there was no evidence in the record that its failure to do so was the fault of the buyers, the referee improperly directed that a judgment be entered in favor of the plaintiffs and against the defendant in the principal sum due on the promissory notes.

The referee erred in sua sponte awarding the plaintiffs at-

torney's fees, as no attorney's fees were requested in connection with the motions decided by the Supreme Court (*see Cassano v Cassano*, 97 AD3d 775 [2012]; *Cass & Sons v Stag's Fuel Oil Co.*, 194 AD2d 707, 708 [1993]).

The parties' remaining contentions are either without merit or not properly before this Court. Rivera, J.P., Dillon, Chambers and LaSalle, JJ., concur.