Young v Young (2019 NY Slip Op 09321)





Young v Young


2019 NY Slip Op 09321


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-13524
 (Index No. 824/17)

[*1]Robert Young, appellant,
v
Angelo Young, et al., respondents.


Michael L. Walker, Brooklyn, NY, for appellant.
Sgouras Law Firm PLLC, Astoria, NY (Athanasios Tommy Sgouras of counsel), for respondents.



DECISION & ORDER
In an action to set aside an alleged fraudulent conveyance, the plaintiff appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated September 19, 2018. The order, insofar as appealed from, denied, without a hearing, that branch of the plaintiff's motion which was to vacate a stipulation of settlement.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith, and thereafter for a new determination of the subject branch of the plaintiff's motion.
The plaintiff commenced this action to set aside a conveyance of his interest in certain real property (hereinafter the subject property) that he made to himself and to the defendants. He also commenced two other actions (hereinafter together the other related actions) against the same defendants seeking the same relief in connection with two different parcels of real property.
On November 21, 2017, the parties and their attorneys appeared for a settlement conference, and the terms of a settlement agreement were placed on the record in open court. The plaintiff agreed to discontinue all three actions with prejudice. In return, the defendants agreed to grant the plaintiff's wife a life estate in the subject property. The defendants also agreed to provide the plaintiff with an accounting of the revenues and expenses associated with one of the properties that was the subject of one of the other related actions, and to allow him to maintain an office at that location where he would be permitted to operate a plumbing business.
In June 2018, the plaintiff moved to set aside the stipulation of settlement and to hold the defendants in contempt. In an order dated September 19, 2018, the Supreme Court denied the plaintiff's motion without a hearing. The plaintiff appeals from so much of the order as denied that branch of his motion which was to set aside the stipulation of settlement. On appeal, the plaintiff argues that he was entitled to a hearing on that branch of his motion.
" Stipulations of settlement are favored by the courts and are not to be lightly set [*2]aside, particularly where the terms of the stipulation were read into the record and the party seeking to vacate the stipulation was represented by counsel'" (ATS-1 Corp. v Rodriguez, 156 AD3d 674, 676, quoting Town of Clarkstown v M.R.O. Pump & Tank, 287 AD2d 497, 498; see Pierot v Marom, 172 AD3d 928, 929). " Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation'" (Bethea v Thousand, 127 AD3d 798, 799, quoting Hallock v State of New York, 64 NY2d 224, 230; see Mooney v Manhattan Occupational, Physical & Speech Therapies, PLLC, 166 AD3d 957, 960; Willoughby Rehabilitation & Health Care, LLC v Webster, 134 AD3d 811, 813). Unsubstantiated or conclusory allegations are insufficient (see Hallock v State of New York, 64 NY2d at 230; Pieter v Polin, 148 AD3d 1191, 1192; Rogers v Malik, 126 AD3d 874, 875).
Here, the plaintiff argued that the stipulation should be vacated because the defendants had "openly and willfully violated" the terms of the stipulation. In support of his position, the plaintiff submitted, inter alia, his own affidavit, in which he stated that the defendants had, among other things, assaulted his wife, refused to provide him with an accounting, and had made it impossible for him to operate his plumbing business as agreed to in the stipulation by, among other things, removing and destroying equipment from his office, disconnecting his phone line, and changing locks on the property.
"As a general rule, rescission of a contract is permitted for such a breach as substantially defeats its purpose. It is not permitted for a slight, casual, or technical breach, but . . . only for such as are material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract'" (RR Chester, LLC v Arlington Bldg. Corp., 22 AD3d 652, 654, quoting Callanan v Keeseville, Ausable Chasm & Lake Champlain R.R. Co., 199 NY 268, 284; see Matter of Kassab v Kasab, 137 AD3d 1138, 1140; Willoughby Rehabilitation & Health Care Ctr., LLC v Webster, 134 AD3d 811, 813-814; Eldridge v Shaw, 99 AD3d 1224, 1225-1226).
Under the circumstances, the factual assertions set forth in the plaintiff's affidavit were sufficient to warrant a hearing on the issue of whether the stipulation should be rescinded due to the defendants' alleged breaches (accord Bayberry Realties v Eastern Baptist Assn. of N.Y., Inc., 27 AD3d 679, 680; 288/98 W. End Tenants Corp. v Mosesson, 144 AD2d 305, 305-306; Consolidated Rail Corp. v Industrial Scrap Processing Corp., 97 AD2d 532, 532-533; see generally Cervera v Bressler, 85 AD3d 839, 841-842; cf. Yuwei Zhang v Ming Ting, 72 AD3d 678, 679). Accordingly, the Supreme Court should not have denied, without a hearing, that branch of the plaintiff's motion which was to vacate the stipulation of settlement, and we remit the matter to the Supreme Court, Kings County, for a hearing in accordance herewith, and thereafter for a new determination of that branch of the plaintiff's motion which was to vacate the stipulation of settlement.
AUSTIN, J.P., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court