Unger v Ganci (2021 NY Slip Op 07366)





Unger v Ganci


2021 NY Slip Op 07366


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND DEJOSEPH, JJ.


846 CA 20-00627

[*1]BERNARD A. UNGER, PLAINTIFF-APPELLANT-RESPONDENT,
v
MICHAEL GANCI, DEFENDANT-RESPONDENT-APPELLANT. (APPEAL NO. 2.) 






LAW OFFICE OF GARY R. EBERSOLE, GRAND ISLAND (STEPHEN C. HALPERN OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
GROSS SHUMAN, P.C., BUFFALO (B. KEVIN BURKE, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.


 Appeal and cross appeal from a judgment of the Supreme Court, Erie County (Mark A. Montour, J.), entered March 11, 2020. The judgment, among other things, dismissed plaintiff's causes of action. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by dismissing the first, second and third counterclaims and as modified the judgment is affirmed without costs.
Memorandum: In October 2010, plaintiff sold his Buffalo-area financial services company to defendant pursuant to a sale contract. The contract required defendant to make 20 quarterly installment payments totaling $500,000 in exchange for plaintiff's book of business. The contract also contained a non-compete clause, the validity of which is not in dispute on this appeal, which provided that plaintiff "agree[d] to not compete with [defendant] nor [would] he solicit business or services from [defendant's] clients nor their immediate families," that plaintiff was "forbid[den from] acting as a consultant, representative agent or advisor to any existing client of [plaintiff's former business]," and that plaintiff would not "contact any client without prior written consent from [defendant]."
Although plaintiff moved from the Buffalo area soon after the sale, he eventually returned and again began working as a financial advisor around mid-2012, soliciting prospective clients in the community through seminars, newsletters, and mailings. Although the exact time frame is unclear, prior to July 2013, plaintiff had begun managing the accounts of six people who had previously been clients of his former business and who had accounts under defendant's management.
Up until that point in time, defendant had made 11 quarterly payments pursuant to the sale contract. According to plaintiff's testimony at the nonjury trial on liability in this case, defendant's next payment was due at the latest by July 15, 2013. Defendant, however, made no further payments. In the months that followed, plaintiff began directly contacting his former clients that had accounts under defendant's management. Plaintiff thereafter commenced this action asserting, inter alia, a cause of action for breach of contract based on defendant's failure to continue making the quarterly payments. In response, defendant, inter alia, asserted counterclaims for breach of contract and rescission based on plaintiff's violation of the non-compete clause.
In appeal No. 1, plaintiff appeals from an order of Supreme Court that determined, after the nonjury trial on liability, that defendant was entitled to judgment on his counterclaims for breach of contract and rescission. In appeal No. 2, plaintiff appeals and defendant cross-appeals [*2]from a judgment of the same court that, inter alia, granted defendant judgment on his counterclaims for breach of contract and rescission, determined that defendant failed to establish damages on those claims, and dismissed each of plaintiff's causes of action. As an initial matter, appeal No. 1 must be dismissed inasmuch as the order at issue therein is subsumed in the final judgment (see Wiedenhaupt v Hogan [appeal No. 2], 89 AD3d 1525, 1526 [4th Dept 2011]; see also Knapp v Finger Lakes NY, Inc., 184 AD3d 335, 337 [4th Dept 2020], lv dismissed 36 NY3d 963 [2021]).
In appeal No. 2, contrary to plaintiff's contention, we conclude that the court properly dismissed his cause of action for breach of contract. Following a nonjury trial, this Court's authority is as broad as that of the trial court. Nonetheless, "the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence" (Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992], rearg denied 81 NY2d 835 [1993] [internal quotation marks omitted]; see Howard v Pooler, 184 AD3d 1160, 1163 [4th Dept 2020]). The elements of a breach of contract cause of action are " 'the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages' " (Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc., 111 AD3d 1374, 1376 [4th Dept 2013], lv denied 22 NY3d 864 [2014]). It is undisputed that, by July 2013, plaintiff had begun managing the accounts of six former clients that had been, until his return to the area, under defendant's management. Based on that conduct and applying the above standard of review, we conclude that plaintiff breached the terms of the non-compete clause in the sale contract. That conduct occurred prior to the date that, according to plaintiff, defendant's next quarterly payment became due. Furthermore, under the circumstances of this case, we conclude that plaintiff's breach of the sale contract was material, that it ended defendant's obligation to continue performing under the contract (see Sarantopoulos v E-Z Cash ATM, Inc., 35 AD3d 708, 709-710 [2d Dept 2006]; cf. Wolfson v Faraci Lange, LLP, 103 AD3d 1272, 1273 [4th Dept 2013]), and that it was fatal to plaintiff's ability to establish his own performance under the contract (see generally Niagara Foods, Inc., 111 AD3d at 1376).
We agree with plaintiff, however, that the court erred in granting judgment in favor of defendant on his counterclaim for rescission. A claim for rescission, as opposed to a claim for breach of contract, seeks to " 'restore the parties to status quo,' " as if the parties had never entered into the contract (Lenel Sys. Intl., Inc. v Smith, 106 AD3d 1536, 1537-1538 [4th Dept 2013]; see WILJEFF, LLC v United Realty Mgt. Corp., 82 AD3d 1616, 1617 [4th Dept 2011]). Rescission sounds in equity (see generally Willoughby Rehabilitation & Health Care Ctr., LLC v Webster, 134 AD3d 811, 813-814 [2d Dept 2015]), and is appropriate only where, among other things, the status quo can be " 'substantially restored' " (Singh v Carrington, 18 AD3d 855, 857 [2d Dept 2005], quoting Rudman v Cowles Communications, 30 NY2d 1, 13 [1972]; see Nelson v Rosenkranz, 166 AD3d 558, 558 [1st Dept 2018]; Sokolow, Dunaud, Mercadier & Carreras v Lacher, 299 AD2d 64, 71 [1st Dept 2002]). In this case, rescission is unavailable because the status quo cannot be substantially restored. Here, "the assimilation of plaintiff's company [into defendant's business is] complete," and events have rendered the status quo practically impossible to recreate (Rudman, 30 NY2d at 14; see Sokolow, 299 AD2d at 71). We therefore modify the judgment by dismissing the first counterclaim.
We likewise agree with plaintiff that the court erred in granting judgment to defendant on his two counterclaims for breach of contract. Damages are an element of a claim for breach of contract (see Niagara Foods, Inc., 111 AD3d at 1376) and, here, defendant's counterclaims for breach of contract should have been dismissed upon the court's determination that defendant failed to establish damages (see Ahmed v Carrington Mtge. Servs., LLC, 189 AD3d 960, 961-963 [2d Dept 2020]; Viacom Outdoor, Inc. v Wixon Jewelers, Inc., 82 AD3d 604, 604 [1st Dept 2011]; Rakylar v Washington Mut. Bank, 51 AD3d 995, 995-996 [2d Dept 2008]). We therefore further modify the judgment by dismissing the second and third counterclaims.
Finally, although defendant contends on his cross appeal that he is entitled to nominal damages (see generally Kronos, Inc. v AVX Corp., 81 NY2d 90, 95 [1993]), that contention is not properly before us because it is raised for the first time on his cross appeal (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]; see generally Sultan v Payson, 259 AD2d 610, 611 [2d Dept 1999]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court