Matarazzo v Herrmann (2023 NY Slip Op 02507)

Matarazzo v Herrmann

2023 NY Slip Op 02507

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2021-01391 
2021-01392
 (Index No. 610457/18)

[*1]Lou Matarazzo, etc., appellant,
v
James C. Herrmann, respondent.

Law Office of Daniel R. Olivieri, P.C., Syosset, NY, for appellant.
Certilman Balin Adler & Hyman, LLP, East Meadow, NY (John H. Gionis and Christopher P. Dooley of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover on a promissory note, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered December 18, 2020, and (2) a judgment of the same court dated January 25, 2021. The order granted the defendant's converted motion for summary judgment dismissing the amended complaint. The judgment, upon the order, is in favor of the defendant and against the plaintiff dismissing the amended complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In February 2012, the defendant signed a promissory note for the principal sum of $789,000, payable to the plaintiff on the condition that the defendant's shares in nonparty SG Blocks, Inc., became eligible to be sold publicly for that amount. In 2018, the plaintiff commenced this action, inter alia, to recover on the promissory note. Thereafter, the defendant moved pursuant to CPLR 3211(a) to dismiss the amended complaint. After converting the defendant's motion into a motion for summary judgment dismissing the amended complaint, the Supreme Court granted the converted motion in an order entered December 18, 2020. A judgment dated January 25, 2021, was subsequently entered upon the order. The plaintiff appeals.
"[W]hen parties set down their agreement in a clear, complete document, their writing should . . . be enforced according to its terms" (Stars Jewelry by A Jeweler Corp. v Hanover Ins. Group, Inc., 104 AD3d 670, 671 [internal quotation marks omitted]). "A condition precedent is an [*2]act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in [an] agreement arises" (id. at 671 [internal quotation marks omitted]; see Willoughby Rehabilitation & Health Care Ctr., LLC v Webster, 134 AD3d 811, 815). "Express conditions are those agreed to and imposed by the parties themselves, and they must be literally performed" (Stars Jewelry by A Jeweler Corp. v Hanover Ins. Group, Inc., 104 AD3d at 671 [internal quotation marks omitted]).
Here, the defendant established his prima facie entitlement to judgment as a matter of law dismissing the breach of contract cause of action by submitting evidence that the condition precedent to the note becoming due had not yet occurred (see Willoughby Rehabilitation & Health Care Ctr., LLC v Webster, 134 AD3d at 815; Stars Jewelry by A Jeweler Corp. v Hanover Ins. Group, Inc., 104 AD3d at 671). In opposition, the plaintiff failed to raise a triable issue of fact (see Jaybar Realty Corp. v Armato, 175 AD3d 1391, 1393).
Moreover, the Supreme Court properly awarded summary judgment dismissing the causes of action alleging fraud in the inducement, conversion, and unjust enrichment as duplicative of the breach of contract cause of action (see Toobian v Toobian, 209 AD3d 907, 909-910; Guzman v Ramos, 191 AD3d 644, 648; Jaybar Realty Corp. v Armato, 175 AD3d at 1394; Edem v Grandbelle Intl., Inc., 118 AD3d 848, 849).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendant's converted motion for summary judgment dismissing the amended complaint.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court